Carl OWENS and Sharon Owens, Appellants,

v.

Ramon R. MEDRANO, Jr., Omar Puente, and Miguel De Los Santos, Appellees.

No. 13–94–031–CV.

Court of Appeals of Texas, Corpus Christi.

Jan. 25, 1996.

Rehearing Overruled Feb. 22, 1996.

---

Christopher H. Boswell, Stapleton, Whittington & Curtis, Harlingen, for appellants.

Oscar G. Trevino, Walsh, Judge & Anderson, Austin, J. Arnold Aguilar, Willette & Aguillar, Brownsville, Eric W. Schulze, Walsh, Judge, Anderson & Underwood, Austin, Miguel Salinas, Willette & James, Brownsville, for appellees.

Before FEDERICO G. HINOJOSA, Jr., YAÑEZ, and RODRIGUEZ, JJ.

## OPINION

FEDERICO G. HINOJOSA, Jr., Justice.

Appellants, Carl Owens and Sharon Owens, sued the City of San Benito, Frances Flores, Ramon Medrano, Omar Puente, the San Benito Consolidated Independent School District, and Miguel De Los Santos for defamation, false light and deprivation of privacy, infliction of emotional distress, unlawful arrest and violations of due process, malicious prosecution, and conspiracy. All of the defendants moved for summary judgment, and the trial court granted the motions of the City, Flores, and the School District.

Appellees, Medrano, Puente, and De Los Santos subsequently filed motions for summary judgment alleging that section 101.106 of the Tort Claims Act[1] barred appellants' suit against them. The trial court granted appellees' motions. By two points of error, appellants contend that the trial court erred in granting appellees' motions for summary judgment. We affirm.

A long standing athletic rivalry between Harlingen and San Benito precipitated the events that resulted in this litigation. This rivalry was particularly intense during the 1990–91 school year, and confrontations led to accusations of misconduct between the schools. The confrontations culminated on February 15, 1991, when the Harlingen High School varsity basketball team traveled to San Benito to play the last regular season game. Harlingen won the game and the district title. As a result, the Harlingen team attempted to cut down the nets as a part of their celebration. Harlingen coaches were willing to provide San Benito with replacement nets and condoned the team's actions. However, Medrano and Puente, San

---

1. TEX.CIV.PRAC. & REM.CODE ANN. § 101.106 (Vernon 1986).

Benito police officers, refused to allow the Harlingen team to cut the nets and ushered both teams out of the gym.

On Monday, February 18, 1991, San Benito CISD Superintendent De Los Santos filed a complaint with the University Interscholastic League (UIL) District Executive Committee claiming that Harlingen head coach, Carl Owens, incited a riot and endangered the welfare and safety of the players and fans. Owens was arrested outside the UIL meeting room on February 20, 1991, before a hearing on the issue began. Appellants contend that De Los Santos' participation in the arrest was outside the scope of his employment. Although De Los Santos denied his involvement, appellants claim that the superintendent was overheard telling officers that the arrest should have come at the end of the meeting and requesting other arrest warrants in the officers' possession. De Los Santos was also accused of exercising considerable influence over Officer Medrano's actions by meeting with him frequently after the basketball game. In addition, appellants alleged that Officers Medrano and Puente acted in bad faith by conspiring to misstate facts regarding the incident in order to obtain the arrest warrants.

By their first point of error, appellants complain that the trial court erred in granting De Los Santos' motion for summary judgment. Appellants contend 1) that there were material issues of fact precluding summary judgment and 2) that the judgment in favor of the San Benito Consolidated Independent School District does not inure to the benefit of De Los Santos when there is evidence that he acted outside the scope of his employment.

By their second point of error, appellants complain that the trial court erred in granting Medrano's and Puente's motions for summary judgment. Appellants contend 1) that there were material issues of fact precluding summary judgment and 2) that the judgment in favor of the City of San Benito does not inure to Medrano's and Puente's benefit because they acted in bad faith.

■ Summary judgment shall be rendered if there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law. TEX.R.CIV.P. 166a(c).

The question on appeal of a grant of summary judgment is not whether the proof raises a fact issue with reference to essential elements of plaintiff's cause of action, but whether the summary judgment proof establishes that the movant is entitled to summary judgment as a matter of law. *Gonzalez v. Mission Amer. Ins. Co.*, 795 S.W.2d 734, 736 (Tex.1990).

■ The Texas Tort Claims Act provides that "a judgment in an action or a settlement of a claim under this chapter bars any action involving the same subject matter by the claimant against the employee of the governmental unit whose act or omission gave rise to the claim." TEX.CIV.PRAC. & REM.CODE ANN. § 101.106 (Vernon 1986). Section 101.106 clearly states that a judgment in an action involving a governmental unit *bars any action* against the employee. *Thomas v. Oldham*, 895 S.W.2d 352, 355 (Tex.1995). Section 101.106, unlike other provisions of the Tort Claims Act, does not say that the provision applies only when the employee is acting within the scope of his employment or in good faith. The statute only requires that the employee's act gave rise to the claim against the governmental unit under the Tort Claims Act. *White v. Annis*, 864 S.W.2d 127, 130 (Tex.App.—Dallas 1993, writ denied).

■ Appellants' claims against the City and its employees (Medrano and Puente) and the School District and its employee (De Los Santos) are identical, and they arose out of alleged employee misconduct. It is beyond dispute that a prior judgment in an action against a governmental employer bars continuation of an action against the employee that has not yet proceeded to judgment. *Thomas*, 895 S.W.2d at 355. In this case, the governmental entities were granted summary judgments, but the claims against their employees (appellees) continued. As a matter of law, appellees were entitled to summary judgment. We overrule appellants' two points of error.

We AFFIRM the trial court's orders granting appellees' motions for summary judgment.