The CITY OF GALVESTON,
Texas, et al., Appellant,

v.

Edith L. WHITMAN and Leonard
Whitman, Appellees.

No. 14–94–00291–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

April 11, 1996.

Rehearing Overruled April 11, 1996.

John Eckel, Galveston, Roy L. Warren, Galveston, George W. Vie, III, Galveston, for appellant.

Norwood J. Ruiz, Galveston, Elsie I. Schiro, Galveston, for appellees.

Before YATES, FOWLER and JUNELL *, JJ.

* Justice William Junell sitting by designation.

## OPINION ON MOTION
## FOR REHEARING

YATES, Justice.

### Facts

This is an interlocutory appeal from a denial of a motion for summary judgment. We withdraw our opinion dated August 10, 1995, and substitute this opinion on motion for rehearing.

Appellees, Edith and Leonard Whitman, brought suit under the Texas Tort Claims Act. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 101.021 *et. seq.* (Vernon 1995). Appellants, the City of Galveston and three emergency service dispatchers (the defendants), moved for summary judgment on grounds of official immunity.

The trial court denied the motion and the defendants appealed urging four points of error.[1] Appeal is permitted by TEX.CIV. PRAC. & REM.CODE ANN. § 51.014(5) (Vernon Supp.1994) (providing for an interlocutory appeal of an order denying a motion based on an assertion of official immunity). We reverse and render.

### Background

When Edith Whitman suffered a cardiac arrest, her husband, Leonard Whitman, immediately dialed 9–1–1 for emergency medical attention. The Whitmans allege that dispatcher confusion created an eight- to twelve-minute delay in the response time of the EMS technicians. The delay, they contend, caused additional brain aphoxia resulting in severe brain damage to Mrs. Whitman. The Whitmans sued under the provision of the Tort Claims Act relating to 9–1–1 emergency service. *See* TEX.CIV.PRAC. & REM. CODE ANN. § 101.062.

The defendants moved for summary judgment based on their official immunity. In response to the motion for summary judgment, the Whitmans asserted that defendants violated ordinances pertaining to the dispatching of ambulances and thus waived their immunity.[2] The trial court denied the motion for summary judgment.

### Discussion

The defendants contend the trial court erred in denying their motion for summary judgment. Although the defendants assert several theories in support of their claim of immunity, section 101.062(b) of the Tort Claims Act is determinative. TEX.CIV.PRAC. & REM.CODE ANN. § 101.062(b). Section 101.062 gives a public agency immunity from suit for an employee's actions in connection with 9–1–1 claims, unless the action "violates a statute or ordinance applicable to the action." In this case, defendants stated in their motion for summary judgment that "[n]o statute or ordinance was violated by the actions plaintiffs attribute to the City's 9–1–1 dispatchers. No other statute or ordinance pertains to dispatching."

■ Official immunity is an affirmative defense. *City of Lancaster v. Chambers,* 883 S.W.2d 650, 653 (Tex.1994). If a defendant moves for summary judgment on an affirmative defense it must prove, as a matter of law, all the essential elements of the defense, leaving no issues of material fact. In this case, although defendants pleaded official immunity, our examination of the pleadings demonstrates they actually moved for summary judgment on the Whitman's claims.[3]

---

1. Galveston County Health District also filed notice of appeal although it did not file briefs with this court. Since the alleged negligence did not involve employees of the District, we have no jurisdiction to consider their interlocutory appeal.

2. The Whitmans also asserted that there were questions of material fact regarding the dispatcher's good faith immunity. Because we hold the Whitmans never pleaded a viable cause of action, it is unnecessary to reach the question of good faith.

3. The defendants filed special exceptions to the Whitmans' original petition because the Whitmans did not show the violation of any statute or ordinance. The defendant filed another special exception to the Whitmans' second amended original petition once again noting the absence of a pleaded violation of a statute or ordinance. As our discussion will indicate, although the Whitmans attempted to premise their action on a section of the Tort Claims Act that requires the government to demonstrate *compliance* with laws and ordinances to prevent a waiver of immunity, we believe the action is premised on a section under which immunity is waived only if

■ If a defendant moves for summary judgment on the plaintiff's cause of action, the defendant assumes the burden of showing as a matter of law that the plaintiff has no cause of action against the defendant. *See Rogers v. R.J. Reynolds Tobacco Co.,* 761 S.W.2d 788, 793 (Tex.App.—Beaumont 1988, writ denied) *citing Gaddis v. Smith,* 417 S.W.2d 577 (Tex.1967). To prevail a defendant must disprove as a matter of law at least one element of the plaintiff's cause of action. *Lear Siegler, Inc. v. Perez,* 819 S.W.2d 470, 471 (Tex.1991).

■ A reviewing court applies the same standard to the denial of a summary judgment as to the granting of one. *City of Houston v. Kilburn,* 849 S.W.2d 810 (Tex. 1993). In deciding whether there is a disputed material fact issue precluding summary judgment, we consider as true all evidence favorable to the non-movant and resolve every reasonable inference in the non-movant's favor. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985).

In this case, the defendants had to demonstrate, as a matter of law, that the Whitmans did not have a cause of action against them. The defendants discharged this burden by disproving, as a matter of law, an element of the Whitmans' cause of action—the violation of a statute or ordinance applicable to 9–1–1 dispatchers.

The Whitmans relied on section 101.055(2) of the Tort Claims Act. TEX.CIV.PRAC. & REM.CODE ANN. § 101.055(2). That section states that immunity will attach "from the action of an employee while responding to an emergency call or reacting to an emergency situation if the action is in compliance with the laws and ordinances applicable to emergency action." The Whitmans argued that the defendants did not meet their burden of showing compliance with various ordinances relating to the operation of an ambulance service within the City of Galveston.

The Whitmans also included various affidavits and ordinances that they claim raised genuine issues of material fact regarding compliance. This evidence consists of sworn statements by EMS technicians, alleging a violation of Galveston City ordinance 75–21, which deals with establishment of an ambulance service. In pertinent part 75–21 states:

> *Ambulance Service*—Providing or making available to the public or any person a motor vehicle and any personnel required by this article for transportation of an individual who is sick, injured or incapacitated, whether in emergency circumstances or in a transfer situation.

The Whitmans rely on this portion of the ordinance for the proposition that the failure of personnel to *properly* dispatch, make available, and use such equipment was a violation of the ordinance.

■ The Whitmans' argument is flawed. The ordinances cited in the response to the motion for summary judgment do not pertain to the dispatchers' duties. They only provide general guidelines as to the objectives, organizational structure, and various licensing requirements the ambulance service must follow. Furthermore, the Whitmans erroneously relied on the wrong provision of the Tort Claims act. Although section 101.055(2), requires that the government must demonstrate *compliance* with laws and ordinances to prevent a waiver of immunity, section 101.062(b) the controlling section, provides that immunity is waived only if there is a *violation* of a statute or ordinance.

Once the defendants demonstrated the Whitmans had not proved a violation of an ordinance or statute, the Whitmans had to dispute the claim by showing a violation. They did not. Thus, the trial court erred by not granting the summary judgment as to the City.

We next consider the argument that, if the City is immune from suit, the dispatchers are also immune. We hold that they are. The Remedies Code provides:

> A judgment in an action or a settlement of a claim under this chapter bars any action involving the same subject matter by the

---

there is a *violation* of a statute or ordinance. To make the defendants' plea of official immunity in this case an affirmative defense would impermis-

sibly shift the burden of proof under the relevant section of the Tort Claims Act.

claimant against the employee of the governmental unit whose act or omission gave rise to the claim.

TEX.CIV.PRAC. & REM.CODE ANN. § 101.106.

 The supreme court has recently provided clarification on this issue. In *Thomas v. Oldham*, 895 S.W.2d 352 (Tex. 1995), the court held:

> The express language of section 101.106 states that a judgment in an action against the governmental unit *bars any action* against the employee. It does not require that the judgment against the governmental unit precede any judgment of the employee, or otherwise impose particular timing requirements. Under these circumstances, we hold that the bar of section 101.106 applies if the settlement or judgment in the action against the governmental unit occurs at any time before or during the pendency of the "action" against the employee.

*Id.* at 355.

Considering this language, the dispatchers have immunity in this case. We sustain the fourth point of error.

Accordingly, we reverse the trial court's order denying the defendants' motion for summary judgment and render judgment that the Whitmans take nothing.