Opinion issued June 16, 2005



     










In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00142-CV




JACOB M. SCHAUER, Appellant

V.

CHARLES TERRELL MORGAN, Appellee




On Appeal from the 149th District Court
Brazoria County, Texas
Trial Court Cause No. 16330*RM01




CONCURRING AND DISSENTING OPINION

          I join the panel’s opinion insofar as it holds that Morgan’s claims against
Schauer in his official capacity are barred by section 101.106 of the Tort Claims Act. 
I respectfully dissent from the opinion insofar as it holds that Morgan’s claims against
Schauer in his individual capacity are barred by section 101.106. I write separately
for two reasons: to clarify the scope of the Court’s opinion and to explain my dissent. 
          Morgan originally sued Schauer in his individual capacity and as an employee
of the Garden Gate Apartments (“Garden Gate”) for injuries sustained when Schauer,
an Alvin police officer and security guard for Garden Gate, mistook Morgan for a
person on whom he was trying to serve a no-trespassing warning on behalf of the
apartments. Morgan alleged that when he refused to identify himself Schauer arrested
him, manhandling him and throwing him onto the hood of Schauer’s car and to the
ground in the process. Because Morgan alleged that Schauer injured him in his
official capacity as a peace officer, the City intervened and moved for summary
judgment on grounds of immunity. We held that the City was the real party in interest
for Morgan’s suit against Schauer in his official capacity and that the City’s immunity
to liability for the torts alleged to have been committed by Schauer was not waived
by the Tort Claims Act.


 The Court now holds that, under former section 101.106 of
the Tort Claims Act, Schauer, likewise, is entitled to immunity from liability of
Morgan’s claims against him “involving the same subject matter,” whether those
claims are brought against him in his individual capacity or in his official capacity. 
See Act of May 17, 1985, 69th Leg., R.S., ch. 959, § 1, sec. 101.106, 1985 Tex. Gen.
Laws 3242, 3305 (amended 2003) (current version at Tex. Civ. Prac. & Rem. Code
Ann. § 101.106 (Vernon 2005)).


 I believe this holding rests on an overbroad
interpretation of former section 101.106 by this Court and its sister courts of appeal. 
See id.
          The Court’s opinion is grounded in case law interpreting section 101.106,
particularly Thomas v. Oldham, 895 S.W.2d 352 (Tex. 1995) and Newman v.
Obersteller, 960 S.W.2d 621 (Tex. 1997). These two cases, and their implications,
are very different from each other, however. In Thomas, the plaintiff sued Oldham,
Oldham’s employer, and the City of Houston for injuries sustained when Oldham’s
car rear-ended Thomas’s during the course of Oldham’s employment. Thomas, 895
S.W.2d at 354. Thomas obtained money judgments against both Oldham and the
City, and both parties appealed. Id. The Texas Supreme Court held, “The express
language of section 101.106 states that a judgment in an action against the
governmental unit bars any action against the employee.” Id. at 355 (emphasis in
original). It added, “Rather than providing blanket protection to employees, however,
section 101.106 merely protects them in those situations where a judgment or
settlement is obtained from the governmental employer.” Id. at 357 (emphasis
added). It explained:
The Tort Claims Act broadened, rather than restricted, an injured party’s
remedies. At common law, municipalities performing governmental functions
were completely immune from liability. The Tort Claims Act created a limited
waiver of that immunity. Although a plaintiff who pursues the statutory
remedy against the government may lose his or her common law remedy
against the employee, the plaintiff is not required to follow this course. He or
she may still opt to pursue the full common law remedy against the responsible
employee, foregoing or postponing any attempt to recover from the
government.

Id. at 357–58. 
          Under Thomas, section 101.106 bars a suit for damages against a governmental
employee when the plaintiff has already obtained a money judgment or settlement
against his governmental employer based on the same subject matter; in other words,
section 101.106 acts as a bar to double recovery. The injured party may elect to sue
the governmental employee individually and may recover against him so long as he
does not recover the same damages from the government; the employee is not,
however, provided “blanket protection” against an individual suit for damages if the
plaintiff chooses to recover damages from him rather than from the government.
          In Newman, the Texas Supreme Court greatly expanded its holding in Thomas. 
The plaintiff, Obersteller, a high school student, and his parents sued a school district
and the district’s head coach and athletic director, Newman, for intentional infliction
of emotional distress. Newman, 960 S.W.2d at 622. No judgment was entered
against the school district; rather, summary judgment was entered in favor of the
school district on the ground that its immunity to liability was not waived by the Tort
Claims Act. See id. The trial court denied Newman’s own motion for summary
judgment on grounds of immunity under section 101.106 and section 21.912 of the
Education Code, and Newman filed an interlocutory appeal. Id. The Texas Supreme
Court held,
Section 101.106 provides that a judgment in an action against a governmental
unit bars any action against an employee. Tex. Civ. Prac. & Rem. Code
Ann. § 101.106; Thomas v. Oldham, 895 S.W.2d 352, 355 (Tex. 1995). The
Texas Tort Claims Act is a waiver of governmental immunity by the state for
certain actions. Tex. Civ. Prac. & Rem. Code Ann. § 101.025. However, the
Legislature has provided some exceptions to this waiver, one of which is an
action against an individual employee when a suit against a governmental
entity involving the same subject matter has proceeded to judgment. Tex. Civ.
Prac. & Rem. Code Ann. § 101.106. The language “bars any action” is an
unequivocal grant of immunity in this context. That section 101.106 does not
use the word “immunity” is of no consequence.

Id. (emphasis in original). Thus, the supreme court held that a governmental
employee is immune to suit for damages arising out of his torts if the employer is
immune, even though section 101.106 as it existed in its prior version (and as it exists
today) never uses the term “immunity.”



          Justice Abbott wrote a vigorous dissent to Newman’s expansion of the rule
established in Thomas. See 960 S.W.2d. at 623 (Abbott, J., dissenting). In Justice
Abbott’s view, former section 101.106 provided only that suit was barred against an
employee for the same acts that had given rise to a judgment or settlement against the
governmental unit by which he was employed; suit was not barred by a judgment in
favor of the governmental entity on the basis of governmental immunity. See id. at
624. He pointed out that a bar does not equate to immunity and that an immunity
defense is a concept “completely different” from the defense afforded governmental
employees by section 101.026. Id. Specifically, the immunity defense provides that 
“[g]overnment employees are entitled to official immunity from suit arising from the
performance of their (1) discretionary duties in (2) good faith as long as they are
(3) acting within the scope of their authority.” Id. (quoting City of Lancaster v.
Chambers, 883 S.W.2d 650, 653 (Tex. 1994)). Justice Abbott also observed that
section 101.106 was not located in the “exclusion and exception” section of the Tort
Claims Act but in the “procedures” section, and, as interpreted by the Newman
majority, was in tension with section 101.026, “Individuals’ Immunity Preserved,”
which was in the “exclusion and exception” section and stated: “To the extent an
employee has individual immunity from a tort claim for damages, it is not affected by
this chapter.” Id.; see Tex. Civ. Prac. & Rem. Code Ann. § 101.026 (Vernon
2005).



          Following Newman, our sister courts—and today this Court—have interpreted
former section 101.106 as a statute conferring immunity on governmental employees
for acts committed in the course of their employment equal to the immunity enjoyed
by their employer. This blanket immunity is limited only by the necessity of
obtaining a judgment holding that the governmental entity is immune to suit.


 In
other words, the appellate courts have interpreted section 101.106 as providing the
“blanket immunity” Thomas stated it did not provide. The effect has been the
elimination of the distinction between liability claims brought against a governmental
employee in his individual capacity for torts committed in the exercise of public
duties and those brought against him in his official capacity. Additionally, this
interpretation has eliminated the distinction between the absolute sovereign immunity
enjoyed by governmental entities, except where that immunity is expressly waived,
and the qualified immunity enjoyed at common law by governmental employees sued
in their individual capacities which Justice Abbott referenced in his Newman dissent.
          The distinction between suits brought against governmental employees in their
official capacities and suits brought against them in their individual capacities is
crucial. The United States Supreme Court explained the difference in Kentucky v.
Graham: individual-capacity suits “seek to impose personal liability upon a
government official for actions he takes under color of state law,” while official-capacity suits “generally represent only another way of pleading an action against an
entity of which an officer is an agent.” 473 U.S. 159, 165–66, 105 S. Ct. 3099, 3105
(1985). Unlike a suit against the public employee in his official capacity, which is
a suit against the government, a suit against him in his individual capacity is a suit
against his personal assets. Id. at 166, 105 S. Ct. at 3105. The Supreme Court
observed that a state official sued in his individual capacity may be able to assert
personal immunity defenses, including the defense of qualified official immunity, but
that these defenses are unavailable in an official-capacity action precisely because
liability in such an action lies only against the government. Id. at 166–67, 105 S. Ct.
at 3105–06.
          Like federal law, Texas law exclusive of the line of cases interpreting section
101.106 limits the immunity of a governmental employee sued in his individual
capacity to (1) discretionary acts, (2) performed in good faith, and (3) within the
scope of his authority; the employee’s immunity is thus “qualified” official immunity,
as opposed to absolute sovereign immunity. See, e.g., Ballantyne v. Champion
Builders, Inc., 144 S.W.3d 417, 424 (Tex. 2004); City of Lancaster, 883 S.W.2d at
653. However, the appellate courts that have interpreted section 101.106 in the wake
of Newman, including this Court today, have observed that “[u]nlike other provisions
of the Tort Claims Act, section 101.106 does not say that the provision applies only
when the employee is acting within the scope of his employment or in good faith.” 
Aguilar v. Ramirez, No. 13–03–00339–CV, 2004 WL 1353723, at *2 (Tex.
App.—Corpus Christi 2004, pet. denied) (mem. op.); Owens v. Medrano, 915 S.W.2d
214, 216 (Tex. App.—Corpus Christi 1996, writ denied); City of Galveston v.
Whitman, 919 S.W.2d 929, 931–32 (Tex. App.—Houston [14th Dist.] 1996, pet.
denied). Thus, they have held or implied that, in cases to which section 101.106
applies, it is not necessary for a governmental employee sued in his individual
capacity to prove his entitlement to the affirmative defense of official immunity—his
immunity to liability is coextensive with that of his employer, which is absolute
unless expressly waived by the Tort Claims Act. The result of this uniquely strong
interpretation of the immunity conferred by section 101.106 is that “[t]he immunity
extended by section 101.106 has been recognized as harsh.” Aguilar, 2004 WL
1353723, at *3; Brand v. Savage, 920 S.W.2d 672, 675 (Tex. App.—Houston [1st
Dist.] 1995, no writ).
          In its opinion today, this Court has recognized that the remedy in cases where
a governmental employee enjoys immunity derivative of his employer’s under section
101.106 is indeed “harsh.” However, we have opined, returning to and quoting the
Texas Supreme Court in Thomas, that the harshness of the immunity granted to
governmental employees by section 101.106 is alleviated by the plaintiff’s ability to
forego or postpone any attempt to recover from the government until after he has sued
the individual employee. See Thomas, 895 S.W.2d at 357–58. I fear, however, that
this right has become illusory as the case law has evolved beyond Thomas. 
          In this case, Morgan did not sue the City of Alvin; he sued only Garden Gate
and Schauer in his individual capacity, alleging that Schauer was guilty of assault,
negligence, and trespass to his person as an agent of the City police force. Once
Morgan admitted, however, that he was asserting a claim against Schauer in his
official capacity as a police officer for the City, the City intervened, claiming
correctly that it was the real party in interest for claims brought against Schauer in his
official capacity. See Morgan, 2004 WL 2005968, at *3; see also Will v. Michigan
Dep’t of State Police, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312 (1989) (providing that
suit against police officer in his official capacity is merely another way of pleading
suit against governmental agency of which officer is agent). Then, the City
successfully moved for summary judgment on the ground that it was immune from
the damage claims brought against it unless its immunity was waived by section
101.106 of the Tort Claims Act, which it was not, and we affirmed that judgment. We
have now gone much further, however, in line with our sister courts’ interpretation
of Newman, and have derivatively immunized Schauer from liability in his individual
capacity from any and all claims arising from “the same subject matter.”
          The expansive interpretation of former section 101.106 by the appellate courts,
including this one, has extended absolute protection to governmental employees for
all torts committed in the exercise of their governmental duties, whether they were
sued in their official capacity only, or in their individual capacity as well, and whether
they were acting in good faith or within the scope of their authority or not. Under this
interpretation of section 101.106, because a governmental entity is immune from
liability for the intentional torts of its employees, such as assault and battery, the
employee is immune from liability for those torts as well. The usual limits of the
qualified immunity accorded governmental employees does not apply. Thus, this
broad interpretation of the statute removes a powerful incentive for governmental
entities and governmental employees to control the behavior of persons carrying out
governmental duties—the threat of individual liability for those governmental
employees who carry out their official duties in bad faith or outside the scope of their
authority. 
          I can find no indication in the Tort Claims Act or in its legislative history that
the Legislature intended to create a uniquely powerful immunity statute by enacting
section 101.106. Rather, in Thomas, the Supreme Court construed section 101.106
as having the same intent as the federal statute on which it was modeled, namely
“barring simultaneous judgments against the United States and its employees.” 895
S.W.2d at 357. As the Dallas Court of Appeals stated prior to Thomas, 
The purpose of the statute is clear—to protect a government
employee from individual liability for acts or omissions done in
the course and scope of his employment when the plaintiff obtains
a judgment or settlement on the claim against the governmental
employer for a claim under the Tort Claims Act based on the
same subject matter.
 
White v. Annis, 864 S.W.2d 127, 132 (Tex. App.—Dallas 1993, pet. denied). The
courts have lost sight of this purpose in their judicial expansion of the protection
afforded by section 101.106, even as the Legislature itself has explicitly styled
revised section 101.106 an “Election of Remedies” statute and has failed to revise its
immunity provision stating that an employee’s individual immunity from a tort claim
for damages is not affected by Chapter 101. See Tex. Civ. Prac. & Rem. Code Ann.
§§ 101.106, 101.026. In other words, the Legislature seems to agree with Thomas
and with Justice Abbott’s distinction in Newman, while the courts—at least the
appellate courts interpreting former section 101.106—do not.


 
          The extension of blanket protection to governmental employees for torts
committed in the exercise of their governmental duties—regardless of the capacity
in which they are sued—should not be the inadvertent effect of the judicial
interpretation of a statute that does not use the term “immunity” and that is naturally
interpreted (1) as barring double recovery against both a governmental entity whose
immunity to suit has been waived by the Tort Claims Act and the governmental
employee whose torts in the exercise of his governmental duties gave rise to the suit
against the government and (2) beyond that, when a governmental entity has been
held immune to suit arising out of the torts of its employee, only as barring claims
made against the employee in his official capacity—not as barring liability claims
made against him in his individual capacity, unless he establishes a qualified official
immunity defense.
          Last year, in Ballantyne, the Texas Supreme Court stated the purpose of the
official immunity defense, namely, “the necessity of public officials to act in the
public interest with confidence and without the hesitation that could arise from
having their judgment continually questioned by extended litigation.” Ballantyne,
144 S.W.3d at 424. It stated, “The public would suffer if government officials, who
must exercise judgment and discretion in their jobs, were subject to civil lawsuits that
second-guessed their decisions.” Id. (quoting Kassen v. Hatley, 887 S.W.2d 4, 8
(Tex. 1994)). Once again, the court recognized official immunity as an affirmative
defense that acts as “a bar to state law claims” against governmental employees but
that protects those officials only “from suit arising from performance of their (1)
discretionary duties (2) in good faith (3) within the scope of their authority.” 144
S.W.3d at 422–24 (emphasis added). The same concept of qualified official
immunity should apply in a suit to which section 101.106 applies—i.e., a suit brought
against a governmental employee in his individual capacity for torts committed in the
exercise of his public duties—even when the official immunity of the governmental
entity for which he works has not been waived and suit against the employee in his
official capacity is therefore barred. 
          Thus, while I join in the Court’s opinion in holding that Morgan’s suit against
Schauer in his official capacity is barred by former section 101.106 of the Tort Claims
Act, I dissent insofar as the opinion holds that section 101.106 in either its former or
its current form deprives a plaintiff of his right to maintain a suit for liability against
a governmental employee in his individual capacity for torts committed while
carrying out his governmental duties simply because the plaintiff has also sued the
governmental employee in his official capacity and the governmental employer has
been held immune to liability. I also dissent insofar as the opinion construes former
section 101.106 as relieving the governmental employee of the necessity of proving
the affirmative defense of qualified immunity to claims brought against him in his
individual capacity for torts committed in the exercise of his governmental duties. 
          I would hold that, while Morgan’s claims against Schauer in his official
capacity as an agent of the City of Alvin are barred by former section 101.106,
Morgan’s claims against Schauer in his individual capacity for torts committed in the
exercise of his duties as a peace officer are not barred by former section 101.106, but
that Schauer is entitled to assert the affirmative defense of qualified official immunity
to those claims.
 
 

 
                                                             Evelyn V. Keyes
                                                             Justice

Panel consists of Justices Keyes, Hanks, and Bland.
Justice Keyes, concurring and dissenting.