Jacob M. **SCHAUER**, Appellant,

v.

Charles Terrell **MORGAN**, Appellee.

No. 01–04–00142–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

June 16, 2005.

Rehearing Overruled Sept. 7, 2005.

Norman Ray Giles, William S. Helfand, and Steven Jon Knight, Chamberlain, Hrdlicka, White, Williams & Martin, Houston, TX, for Appellant.

Keith T. Gilbert, Houston, TX, for Appellee.

Panel consists of Justices KEYES, HANKS, and BLAND.

## OPINION

JANE BLAND, Justice.

Appellee Charles Terrell Morgan sues appellant Jacob M. Schauer, in his individual capacity, and in his capacity as a police officer with the City of Alvin. The lawsuit alleges (1) assault, (2) negligence, and (3) trespass to the person. Morgan's claims arise out of Schauer's arrest of Morgan. Upon the City's intervention in the case, the trial court granted a summary judgment in its favor, which this court affirmed.[1] Schauer then moved for summary judgment, contending that he is immune from personal liability. The trial court denied Schauer's motion. In this interlocutory appeal, Schauer contends the trial court erred in denying his motion for summary judgment because he is immune from Morgan's claims under the Texas Tort Claims Act and the doctrine of official immunity. *See* Act of May 17, 1985, 69th Leg., R.S., ch. 959, § 1, sec. 101.106, 1985 Tex. Gen. Laws 3242, 3305 (amended 2003) (current version at Tex. Civ. Prac. & Rem.Code Ann. § 101.106 (Vernon 2005)).[2]

---

1. *Morgan v. City of Alvin*, 175 S.W.3d 408, 409, No. 01–02–01212–CV, 2004 WL 2005968, at *8 (Tex.App.-Houston [1st Dist.] Sept. 9, 2004, no pet.).

2. We observe, like the dissent, that our decision interprets the former version of Texas Civil Practice and Remedies Code § 101.106. The amended section became effective September 1, 2003, after Morgan filed this action, and it applies to actions filed on or after the effective date. The prior section reads that "[a] judgment in an action or a settlement of a claim under this chapter bars any action involving the same subject matter by the claimant against the employee of the governmental unit whose act or omission gave rise to the claim." The current version of section 101.106 provides that "[t]he filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental

We conclude that section 101.106 bars liability against Schauer and therefore reverse the trial court's order.

## Background

In March 2000, a manager of the Garden Gate Apartments asked Detective Schauer—who moonlighted as a security guard for the complex—to issue a trespass warning to Moses Johnson, a registered sex offender. Schauer drove past a laundromat and saw Morgan inside. Schauer entered the laundromat and asked whether Johnson was present. Morgan replied that he was not Johnson. Schauer then asked Morgan to produce identification. The parties dispute the length of time it took Morgan to respond to Schauer's request, as well as whether or not Morgan used profanities in his response. It is undisputed, however, that the incident ended in Schauer's arresting Morgan for disorderly conduct and failure to identify himself to a police officer.

Morgan alleges that, because he was slow to produce his identification, Schauer instigated a physical confrontation, handcuffed him, dragged him out of the laundromat, slammed his head against the hood of a parked car, and smashed his person to the gravel parking lot.

## Procedural History

Morgan sued Schauer for personal injuries and trespass. Although Morgan initially did not name the City as a defendant in his original petition, he later amended his petition to allege that, during the incident in question, Schauer acted as (1) an agent of Garden Gate Apartments, (2) an individual, and, alternatively, (3) an agent of the Alvin Police Department.

Thereafter, the City intervened and answered, asserting that Schauer is entitled to official immunity and that the City is entitled to governmental immunity under the Texas Tort Claims Act. *See generally* TEX. CIV. PRAC. & REM.CODE ANN. § 101.001–.051 (Vernon 2005).

In April 2002, the City moved for summary judgment contending that it is a real party in interest for Morgan's claims against Schauer in his official capacity, and that it is entitled to governmental immunity. The trial court granted the City's motion. Subsequently, the trial court granted the City's motion for severance, rendering the summary judgment granted in the City's favor a final judgment. Morgan appealed the judgment in favor of the City to this court. We affirmed. *See Morgan*, 175 S.W.3d 408, 409, No. 01–02–01212–CV, 2004 WL 2005968, at *8 (Tex. App.-Houston [1st Dist.] Sept. 9, 2004, no pet.).

Schauer then moved for a summary judgment as to Morgan's claims against him, based on the immunity provided by section 101.106 of the Texas Civil Practice and Remedies Code and by official immunity. The trial court denied Schauer's motion and he appealed.[3]

unit regarding the same subject matter." TEX. CIV. PRAC. & REM.CODE ANN. § 101.106(a) (Vernon 2005). The Legislature further clarified that "[i]f a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit

against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed." *Id.* at § 101.106(f).

3. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(5) (Vernon 1997 & Supp.2004–2005) (allowing interlocutory appeals of orders denying motions for summary judgment

## Standard of Review

We conduct a *de novo* review of the denial of a motion for summary judgment. *See Hoff v. Nueces County*, 153 S.W.3d 45, 48 (Tex.2004) (per curiam) (reviewing denial of defendant's plea to jurisdiction *de novo*); *see also Drogin v. Campbell*, 928 S.W.2d 205, 206 (Tex.App.-San Antonio 1996, no writ). To obtain summary judgment, a movant must show that no genuine issue of material fact exists, and that he is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *see also Morgan*, at 413, 2004 WL 2005968, at *2. In reviewing a trial court's denial of summary judgment, we accept all evidence in favor of the nonmovant as true, indulge every reasonable inference in favor of the nonmovant, and resolve any doubts in the nonmovant's favor. *Morgan*, at 413, 2004 WL 2005968, at *2 (citing *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex.1985)). If a party moves for summary judgment based on an affirmative defense, such as section 101.106, then it has the burden to establish conclusively each element of the defense as a matter of law. *Id.* (citing *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex.1995), *Farah v. Mafrige & Kormanik, P.C.*, 927 S.W.2d 663, 670 (Tex.App.-Houston [1st Dist.] 1996, no writ)). Once established, the burden of raising a disputed fact issue as to an affirmative defense shifts to the nonmovant. *Id.* (citing *Brand v. Savage*, 920 S.W.2d 672, 673 (Tex.App.-Houston [1st Dist.] 1995, no writ)). Here, we examine whether a fact issue exists regarding the application of immunity under section 101.106. *Id.*

## Section 101.106 of the Texas Tort Claims Act

Schauer contends the trial court erred in denying his motion for summary judgment because he is entitled to the derivative immunity provided by section 101.106 of the Texas Tort Claims Act, which provides that "[a] judgment in an action or a settlement of a claim under this chapter bars any action involving the same subject matter by the claimant against the employee of the governmental unit whose act or omission gave rise to the claim." *See* Act of May 17, 1985, 69th LEG., R.S., CH. 959, § 1, SEC. 101.106, 1985 TEX. GEN. LAWS 3242, 3305 (AMENDED 2003) (current version at TEX. CIV. PRAC. & REM.CODE ANN. § 101.106 (Vernon 2005)). This section provides that a judgment in an action against a governmental entity bars *any* action against an employee arising out of the same subject matter. *Id.* (emphasis added); *see also Newman v. Obersteller*, 960 S.W.2d 621, 622 (Tex.1997); *Thomas v. Oldham*, 895 S.W.2d 352, 355 (Tex.1995). The Texas Supreme Court has held that the statutory language *"bars any action"* is an unequivocal grant of immunity in this context. *Newman*, 960 S.W.2d at 622 (emphasis in original). In *Thomas* and later in *Harris County v. Sykes*, the Texas Supreme Court observed "[t]he purpose of section 101.106 is to protect employees of a governmental unit from liability when a judgment or settlement has been obtained from the government employer pursuant to a claim under Chapter 101 of the Texas Tort Claims Act." *Harris County v. Sykes*, 136 S.W.3d 635, 640 (Tex.2004) (citing *Thomas*, 895 S.W.2d at 357). Thus, section 101.106 applies not only to judgments against governmental entities taken before suit is brought against an employee, but also to settlements or judgments taken against a governmental entity occurring at any time during the pendency of the action against the employee. *Id.*

Morgan observes that he sues Schauer in his individual capacity, as well

based on assertion of immunity by officer or employee of State or political subdivision).

as his official capacity as a police officer, and thus a fact issue exists as to the capacity in which Schauer acted. As the dissent notes, moreover, this is not a case in which the governmental entity settled or suffered a judgment against it. Rather, the City received a judgment in its favor. The Texas Supreme Court, however, has determined that the language "bars any action" is an unequivocal grant of immunity to the governmental employee when a suit against the governmental entity has proceeded to a judgment, regardless whether the judgment is for or against the governmental entity. *See Dallas County Mental Health & Retardation v. Bossley*, 968 S.W.2d 339, 343 (Tex.1998) (stating that immunity conveyed to governmental employees by Section 101.106 is triggered by any judgment, including favorable one for governmental entity); *see also Newman*, 960 S.W.2d at 622; *Aguilar v. Ramirez*, No. 13–03–00339–CV, 2004 WL 1353723, at *2 (Tex.App.-Corpus Christi June 17, 2004, pet. denied) (mem.op.).

■ Moreover, section 101.106 does not limit its application to governmental employees acting within the scope of their employment or in good faith. *Owens v. Medrano*, 915 S.W.2d 214, 216 (Tex.App.-Corpus Christi 1996, writ denied). Instead, the relevant inquiry is whether the plaintiff's claims against the governmental entity arise under the Texas Tort Claims Act, not whether the plaintiff's individual claims do so. *See White v. Annis*, 864 S.W.2d 127, 130 (Tex.App.-Dallas 1993, writ denied); *see also Bell v. Love*, 923 S.W.2d 229, 233 (Tex.App.-Houston [14th Dist.] 1996, no writ). A judgment under the Texas Tort Claims Act bars actions against the governmental employee individually arising out of the "same subject matter," as opposed to the same cause of action. *Bossley*, 968 S.W.2d at 344 (providing that in applying section 101.106 to causes of action brought against defendant in his individual capacity, "same subject matter" in section 101.106 means "arising out of the same actions, transactions, or occurrences").

■ We previously have recognized that the immunity extended by section 101.106 is harsh, for it requires a plaintiff to elect at the outset of the litigation whether to pursue a defendant in *any* governmental capacity for which his employer later may be found to have immunity, and thus eliminate any pursuit of claims brought against the defendant in an individual capacity. *Brand*, 920 S.W.2d at 675; *see also McGowen v. Huang*, 120 S.W.3d 452, 459 (Tex.App.-Texarkana 2003, pet. denied). The Texas Supreme Court has noted:

> Although a plaintiff who pursues the statutory remedy against the government may lose his or her common law remedy against the employee, the plaintiff is not required to follow this course. He or she may still opt to pursue the full common law remedy against the responsible employee, foregoing or postponing any attempt to recover from the government.

*Oldham*, 895 S.W.2d at 357–58. Thus, "[o]nce the plaintiff invokes the procedural devices of the Texas Tort Claims Act, to bring a cause of action against the State, then he also is bound by the limitations and remedies provided in the statute." *State Dep't of Highways & Pub. Transp. v. Dopyera*, 834 S.W.2d 50, 54 (Tex.1992); *see also Brand*, 920 S.W.2d at 675 (stating that if plaintiff chooses to bring action under Act, "she is bound by its provisions and limitations including section 101.106").

Here, Morgan's claims against Schauer, as an agent of the Alvin Police Department, constituted claims against the City. *See Morgan*, at 421, 2004 WL 2005968, at *8 (holding that with respect to claims

against police officer, in his official capacity, City is real party in interest). Applying the standards for governmental immunity provided by the Texas Tort Claims Act, we affirmed the trial court's summary judgment granted to the City. *Id.* Applying section 101.106, we hold that the trial court's final judgment dismissing Morgan's claims against the City bars Morgan's claims against Schauer individually because they are claims that arise out of the same occurrence—i.e., Schauer's alleged tortious misconduct at the laundromat. Accordingly, we hold that the trial court erred in denying Schauer's motion for summary judgment.[4]

### Conclusion

We hold that the applicable version of section 101.106 of the Texas Tort Claims Act bars actions against governmental employees individually if a settlement or judgment exists as to their governmental employer arising out of the same occurrence. We therefore reverse the trial court's order denying Schauer's summary judgment and render judgment that Morgan take nothing. We deny Morgan's request for appellate sanctions.

Justice KEYES, concurring and dissenting.

EVELYN V. KEYES, Justice, concurring and dissenting.

I join the panel's opinion insofar as it holds that Morgan's claims against

Schauer in his official capacity are barred by section 101.106 of the Tort Claims Act. I respectfully dissent from the opinion insofar as it holds that Morgan's claims against Schauer in his individual capacity are barred by section 101.106. I write separately for two reasons: to clarify the scope of the Court's opinion and to explain my dissent.

Morgan originally sued Schauer in his individual capacity and as an employee of the Garden Gate Apartments ("Garden Gate") for injuries sustained when Schauer, an Alvin police officer and security guard for Garden Gate, mistook Morgan for a person on whom he was trying to serve a no-trespassing warning on behalf of the apartments. Morgan alleged that when he refused to identify himself Schauer arrested him, manhandling him and throwing him onto the hood of Schauer's car and to the ground in the process. Because Morgan alleged that Schauer injured him in his official capacity as a peace officer, the City intervened and moved for summary judgment on grounds of immunity. We held that the City was the real party in interest for Morgan's suit against Schauer in his official capacity and that the City's immunity to liability for the torts alleged to have been committed by Schauer was not waived by the Tort Claims Act.[1] The Court now holds that, under former section 101.106 of the Tort Claims Act, Schauer, likewise, is entitled to immunity from liability of Morgan's claims

4. As we conclude that section 101.106 is dispositive of Morgan's claims, we need not address Schauer's official immunity issue. *See* Tex.R.App. P. 47.1.

1. *Morgan v. City of Alvin,* 175 S.W.3d 408, 413–14, 01–02–01212–CV, 2004 WL 2005968, at *2–3 (Tex.App.-Houston [1st Dist.] Sept. 9, 2004, no pet.) (designated for publication). As the Court made clear in its earlier opinion, Schauer's immunity extends only to his actions as a peace officer—not to his actions in

his individual capacity as an employee of a private employer, Garden Gate. *See Morgan,* at 416–17, 2004 WL 2005968, at *4. We remanded the cause to the trial court to determine whether Schauer was acting as a peace officer or as a servant of Garden Gate when Morgan's injuries occurred. The trial court determined that Schauer was not acting as a servant of Garden Gate, and it rendered summary judgment in favor of Garden Gate. That judgment is not on appeal.

against him "involving the same subject matter," whether those claims are brought against him in his individual capacity or in his official capacity. *See* Act of May 17, 1985, 69th Leg., R.S., ch. 959, § 1, sec. 101.106, 1985 Tex. Gen. Laws 3242, 3305 (amended 2003) (current version at Tex. Civ. Prac. & Rem.Code Ann. § 101.106 (Vernon 2005)).[2] I believe this holding rests on an overbroad interpretation of former section 101.106 by this Court and its sister courts of appeal. *See id.*

The Court's opinion is grounded in case law interpreting section 101.106, particularly *Thomas v. Oldham*, 895 S.W.2d 352 (Tex.1995) and *Newman v. Obersteller*, 960 S.W.2d 621 (Tex.1997). These two cases, and their implications, are very different from each other, however. In *Thomas*, the plaintiff sued Oldham, Oldham's employer, and the City of Houston for injuries sustained when Oldham's car rear-ended Thomas's during the course of Oldham's employment. *Thomas*, 895 S.W.2d at 354. Thomas obtained money judgments against both Oldham and the City, and both parties appealed. *Id.* The Texas Supreme Court held, "The express language of section 101.106 states that a judgment in an action against the governmental unit *bars any action* against the employee." *Id.* at 355 (emphasis in original). It added, "*Rather than providing blanket protection to employees, however, section 101.106 merely protects them in those situations where a judgment or settlement is obtained from the governmental employer.*" *Id.* at 357 (emphasis added). It explained:

The Tort Claims Act broadened, rather than restricted, an injured party's remedies. At common law, municipalities performing governmental functions were completely immune from liability. The Tort Claims Act created a limited waiver of that immunity. Although a plaintiff who pursues the statutory remedy against the government may lose his or her common law remedy against the employee, the plaintiff is not required to follow this course. He or she may still opt to pursue the full common law remedy against the responsible employee, foregoing or postponing any attempt to recover from the government.

*Id.* at 357–58.

Under *Thomas*, section 101.106 bars a suit for damages against a governmental employee when the plaintiff has already obtained a money judgment or settlement against his governmental employer based on the same subject matter; in other words, section 101.106 acts as a bar to double recovery. The injured party may elect to sue the governmental employee individually and may recover against him so long as he does not recover the same damages from the government; the employee is not, however, provided "blanket protection" against an individual suit for damages if the plaintiff chooses to recover damages from him rather than from the government.

In *Newman*, the Texas Supreme Court greatly expanded its holding in *Thomas*. The plaintiff, Obersteller, a high school student, and his parents sued a school district and the district's head coach and athletic director, Newman, for intentional

---

**2.** This suit was brought under former section 101.106 of the Tort Claims Act, which, at the time suit was filed, provided, "A judgment in an action or a settlement of a claim under this chapter bars any action involving the same subject matter by the claimant against the employee of the governmental unit whose act or omission gave rise to the claim." *See* Act of May 17, 1985, 69th Leg., R.S., ch. 959, § 1, sec. 101.106, 1985 Tex. Gen. Laws 3242, 3305 (amended 2003) (current version at Tex. Civ. Prac. & Rem.Code Ann. § 101.106 (Vernon 2005)).

infliction of emotional distress. *Newman,* 960 S.W.2d at 622. No judgment was entered *against* the school district; rather, summary judgment was entered in favor of the school district on the ground that its immunity to liability was not waived by the Tort Claims Act. *See id.* The trial court denied Newman's own motion for summary judgment on grounds of immunity under section 101.106 and section 21.912 of the Education Code, and Newman filed an interlocutory appeal. *Id.* The Texas Supreme Court held,

> Section 101.106 provides that a judgment in an action against a governmental unit *bars any action* against an employee. TEX. CIV. PRAC. & REM.CODE ANN. § 101.106; *Thomas v. Oldham,* 895 S.W.2d 352, 355 (Tex.1995). The Texas Tort Claims Act is a waiver of governmental immunity by the state for certain actions. TEX. CIV. PRAC. & REM.CODE ANN. § 101.025. However, the Legislature has provided some exceptions to this waiver, one of which is an action against an individual employee when a suit against a governmental entity involving the same subject matter has proceeded to judgment. TEX. CIV. PRAC. & REM.CODE ANN. § 101.106. The language "bars any action" is an unequivocal grant of immunity in this context. That section 101.106 does not use the word "immunity" is of no consequence.

*Id.* (emphasis in original). Thus, the supreme court held that a governmental employee is *immune* to suit for damages arising out of his torts if the employer is immune, even though section 101.106 as it existed in its prior version (and as it exists today) never uses the term "immunity."[3]

Justice Abbott wrote a vigorous dissent to *Newman's* expansion of the rule established in *Thomas. See* 960 S.W.2d. at 623 (Abbott, J., dissenting). In Justice Abbott's view, former section 101.106 provided only that suit was barred against an employee for the same acts that had given rise to a judgment or settlement *against* the governmental unit by which he was employed; suit was not barred by a judgment *in favor* of the governmental entity on the basis of governmental immunity. *See id.* at 624. He pointed out that a bar does not equate to immunity and that an immunity defense is a concept "completely different" from the defense afforded governmental employees by section 101.026. *Id.* Specifically, the immunity defense provides that "[g]overnment employees are entitled to official immunity from suit arising from the performance of their (1) discretionary duties in (2) good faith as long as they are (3) acting within the scope of their authority." *Id.* (quoting *City of Lancaster v. Chambers,* 883 S.W.2d 650, 653 (Tex.1994)). Justice Abbott also observed that section 101.106 was not located in the "exclusion and exception" section of the Tort Claims Act but in the "procedures" section, and, as interpreted by the *Newman* majority, was in tension with section 101.026, "Individuals' Immunity Preserved," which *was* in the "exclusion and exception" section and stated: "To the extent an employee has individual immunity from a tort claim for damages, it is not affected by this chapter." *Id.; see* TEX. CIV. PRAC. & REM.CODE ANN. § 101.026 (Vernon 2005).[4]

---

3. In 2003, the Legislature rewrote this section, which had been titled, "Employees Not Liable After Settlement or Judgment." The revised provision is titled "Election of Remedies." *See* TEX CIV. PRAC. & REM.CODE ANN. § 101.106(f) (Vernon 2005).

4. Revised section 101.106, "Election of Remedies," is likewise not in the immunity section of the Tort Claims Act. *See* TEX. CIV. & REM.CODE ANN. § 101.106 (Vernon 2005). Section 101.026 is unchanged. *See id.* § 101.106, Historical Notes.

Following *Newman,* our sister courts—and today this Court—have interpreted former section 101.106 as a statute conferring immunity on governmental employees for acts committed in the course of their employment equal to the immunity enjoyed by their employer. This blanket immunity is limited only by the necessity of obtaining a judgment holding that the governmental entity is immune to suit.[5] In other words, the appellate courts have interpreted section 101.106 as providing the "blanket immunity" *Thomas* stated it did not provide. The effect has been the elimination of the distinction between liability claims brought against a governmental employee in his *individual* capacity for torts committed in the exercise of public duties and those brought against him in his *official* capacity. Additionally, this interpretation has eliminated the distinction between the absolute sovereign immunity enjoyed by governmental entities, except where that immunity is expressly waived, and the *qualified* immunity enjoyed at common law by governmental employees sued in their individual capacities which Justice Abbott referenced in his *Newman* dissent.

The distinction between suits brought against governmental employees in their official capacities and suits brought against them in their individual capacities is crucial. The United States Supreme Court explained the difference in *Kentucky v. Graham*: individual-capacity suits "seek to impose personal liability upon a government official for actions he takes under color of state law," while official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." 473 U.S. 159, 165–66, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985). Unlike a suit against the public employee in his official capacity, which is a suit against the government, a suit against him in his individual capacity is a suit against his personal assets. *Id.* at 166, 105 S.Ct. at 3105. The Supreme Court observed that a state official sued in his individual capacity may be able to assert personal immunity defenses, including the defense of qualified official immunity, but that these defenses are unavailable in an official-capacity action precisely because liability in such an action lies *only* against the government. *Id.* at 166–67, 105 S.Ct. at 3105–06.

Like federal law, Texas law exclusive of the line of cases interpreting section 101.106 limits the immunity of a governmental employee sued in his individual capacity to (1) discretionary acts, (2) performed in good faith, and (3) within the scope of his authority; the employee's immunity is thus "qualified" official immunity, as opposed to absolute sovereign immunity. *See, e.g., Ballantyne v. Champion Builders, Inc.,* 144 S.W.3d 417, 424 (Tex.2004); *City of Lancaster,* 883 S.W.2d at 653. However, the appellate courts that have interpreted section 101.106 in the wake of *Newman,* including this Court today, have observed that "[u]nlike other provisions of the Tort Claims Act, section 101.106 does not say that the provision applies only when the employee is acting within the scope of his employment or in good faith." *Aguilar v. Ramirez,* No. 13–03–00339–CV, 2004

---

5. In 2004, the Texas Supreme Court reiterated its holding in *Newman* that when a trial court has dismissed tort claims against a governmental entity on the ground that the entity's governmental immunity has not been waived by the Tort Claims Act, the employee whose acts gave rise to the claim against the governmental entity "is entitled to derivative immunity under section 101.106 of the Texas Tort Claims Act." *Harris County v. Sykes,* 136 S.W.3d 635, 640 (Tex.2004). However, the court did not discuss the *scope* of the employee's derivative immunity.

WL 1353723, at *2 (Tex.App.-Corpus Christi 2004, pet. denied) (mem.op.); *Owens v. Medrano,* 915 S.W.2d 214, 216 (Tex.App.-Corpus Christi 1996, writ denied); *City of Galveston v. Whitman,* 919 S.W.2d 929, 931–32 (Tex.App.-Houston [14th Dist.] 1996, pet. denied). Thus, they have held or implied that, in cases to which section 101.106 applies, it is not necessary for a governmental employee sued in his individual capacity to prove his entitlement to the affirmative defense of official immunity—his immunity to liability is coextensive with that of his employer, which is absolute unless expressly waived by the Tort Claims Act. The result of this uniquely strong interpretation of the immunity conferred by section 101.106 is that "[t]he immunity extended by section 101.106 has been recognized as harsh." *Aguilar,* 2004 WL 1353723, at *3; *Brand v. Savage,* 920 S.W.2d 672, 675 (Tex.App.-Houston [1st Dist.] 1995, no writ).

In its opinion today, this Court has recognized that the remedy in cases where a governmental employee enjoys immunity derivative of his employer's under section 101.106 is indeed "harsh." However, we have opined, returning to and quoting the Texas Supreme Court in *Thomas,* that the harshness of the immunity granted to governmental employees by section 101.106 is alleviated by the plaintiff's ability to forego or postpone any attempt to recover from the government until after he has sued the individual employee. *See Thomas,* 895 S.W.2d at 357–58. I fear, however, that this right has become illusory as the case law has evolved beyond *Thomas.*

In this case, Morgan did not sue the City of Alvin; he sued only Garden Gate and Schauer in his *individual* capacity, alleging that Schauer was guilty of assault, negligence, and trespass to his person as an agent of the City police force. Once Morgan admitted, however, that he was asserting a claim against Schauer in his official capacity as a police officer for the City, the City intervened, claiming correctly that it was the real party in interest for claims brought against Schauer in his official capacity. *See Morgan,* at 414, 2004 WL 2005968, at *3; *see also Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989) (providing that suit against police officer in his official capacity is merely another way of pleading suit against governmental agency of which officer is agent). Then, the City successfully moved for summary judgment on the ground that it was immune from the damage claims brought against it unless its immunity was waived by section 101.106 of the Tort Claims Act, which it was not, and we affirmed that judgment. We have now gone much further, however, in line with our sister courts' interpretation of *Newman,* and have derivatively immunized Schauer from liability in his individual capacity from any and all claims arising from "the same subject matter."

The expansive interpretation of former section 101.106 by the appellate courts, including this one, has extended absolute protection to governmental employees for all torts committed in the exercise of their governmental duties, whether they were sued in their official capacity only, or in their individual capacity as well, and whether they were acting in good faith or within the scope of their authority or not. Under this interpretation of section 101.106, because a governmental entity is immune from liability for the intentional torts of its employees, such as assault and battery, the employee is immune from liability for those torts as well. The usual limits of the qualified immunity accorded governmental employees does not apply. Thus, this broad interpretation of the statute removes a powerful incentive for gov-

ernmental entities and governmental employees to control the behavior of persons carrying out governmental duties—the threat of individual liability for those governmental employees who carry out their official duties in bad faith or outside the scope of their authority.

I can find no indication in the Tort Claims Act or in its legislative history that the Legislature intended to create a uniquely powerful immunity statute by enacting section 101.106. Rather, in *Thomas,* the Supreme Court construed section 101.106 as having the same intent as the federal statute on which it was modeled, namely "barring simultaneous judgments against the United States and its employees." 895 S.W.2d at 357. As the Dallas Court of Appeals stated prior to *Thomas,*

> The purpose of the statute is clear—to protect a government employee from individual liability for acts or omissions done in the course and scope of his employment when the plaintiff obtains a judgment or settlement on the claim against the governmental employer for a claim under the Tort Claims Act based on the same subject matter.

*White v. Annis,* 864 S.W.2d 127, 132 (Tex. App.-Dallas 1993, pet. denied). The courts have lost sight of this purpose in their judicial expansion of the protection afforded by section 101.106, even as the Legislature itself has explicitly styled revised section 101.106 an "Election of Remedies" statute and has failed to revise its immunity provision stating that an employee's individual immunity from a tort claim for

damages is not affected by Chapter 101. *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 101.106, 101.026. In other words, the Legislature seems to agree with *Thomas* and with Justice Abbott's distinction in *Newman,* while the courts—at least the appellate courts interpreting former section 101.106—do not.[6]

The extension of blanket protection to governmental employees for torts committed in the exercise of their governmental duties—regardless of the capacity in which they are sued—should not be the inadvertent effect of the judicial interpretation of a statute that does not use the term "immunity" and that is naturally interpreted (1) as barring double recovery against both a governmental entity whose immunity to suit has been waived by the Tort Claims Act and the governmental employee whose torts in the exercise of his governmental duties gave rise to the suit against the government and (2) beyond that, when a governmental entity has been held immune to suit arising out of the torts of its employee, only as barring claims made against the employee in his *official* capacity—not as barring liability claims made against him in his *individual* capacity, unless he establishes a qualified official immunity defense.

Last year, in *Ballantyne,* the Texas Supreme Court stated the purpose of the official immunity defense, namely, "the necessity of public officials to act in the public interest with confidence and without the hesitation that could arise from having their judgment continually questioned by

---

**6.** Revised section 101.106 provides that a plaintiff must elect whether to sue the governmental employee or the governmental employer; if suit brought against a governmental employee *"could have been brought under this chapter against the governmental unit,* the suit is considered to be against the employee in the employee's official capacity only," and the suit against the employee must be dismissed

on his motion. TEX. CIV. PRAC. & REM.CODE ANN. § 101.106(f) (Vernon 2005) (emphasis added). Because suit *cannot* be brought against a governmental unit unless the Tort Claims Act waives immunity, the problem generated as the courts struggle with *Newman* may be self-limiting as suits are brought under the revised procedures.

extended litigation." *Ballantyne*, 144 S.W.3d at 424. It stated, "The public would suffer if government officials, who must exercise judgment and discretion in their jobs, were subject to civil lawsuits that second-guessed their decisions." *Id.* (quoting *Kassen v. Hatley*, 887 S.W.2d 4, 8 (Tex.1994)). Once again, the court recognized official immunity as an affirmative defense that acts as *"a bar to state law claims"* against governmental employees but that protects those officials only "from suit arising from performance of their (1) discretionary duties (2) in good faith (3) within the scope of their authority." 144 S.W.3d at 422–24 (emphasis added). The same concept of qualified official immunity should apply in a suit to which section 101.106 applies—*i.e.*, a suit brought against a governmental employee in his individual capacity for torts committed in the exercise of his public duties—even when the official immunity of the governmental entity for which he works has not been waived and suit against the employee in his official capacity is therefore barred.

Thus, while I join in the Court's opinion in holding that Morgan's suit against Schauer in his official capacity is barred by former section 101.106 of the Tort Claims Act, I dissent insofar as the opinion holds that section 101.106 in either its former or its current form deprives a plaintiff of his right to maintain a suit for liability against a governmental employee in his individual capacity for torts committed while carrying out his governmental duties simply because the plaintiff has also sued the governmental employee in his official capacity and the governmental employer has been held immune to liability. I also dissent insofar as the opinion construes former section 101.106 as relieving the governmental employee of the necessity of proving the affirmative defense of qualified immunity to claims brought against him in his individual capacity for torts committed in the exercise of his governmental duties.

I would hold that, while Morgan's claims against Schauer in his official capacity as an agent of the City of Alvin are barred by former section 101.106, Morgan's claims against Schauer in his individual capacity for torts committed in the exercise of his duties as a peace officer are not barred by former section 101.106, but that Schauer is entitled to assert the affirmative defense of qualified official immunity to those claims.