Enrique L. GUILLEN, Individually; Enrique L. Guillen as Personal Representative of the Estate of Esperanza B. Guillen; Enrique L. Guillen a/n/f of Valeria E. Guillen, a Minor and Enrique Guillen, II, Appellants,

v.

CITY OF SAN ANTONIO, Anthony Carrola and Richard Gonzales, Appellees.

No. 04–99–00077–CV.

Court of Appeals of Texas, San Antonio.

Jan. 26, 2000.

Rehearing Overruled Feb. 10, 2000.

From the 73rd Judicial District Court, Bexar County, Texas, Trial Court No. 91–CI–10414;[1] Andy Mireles, Judge Presiding.

Daniel R. Rutherford, Stephen Tyler Rutherford, Rutherford Rutherford & Bettersworth, P.L.L.C., San Antonio, for appellants.

Dawn L. Carmody, Carmody & Bonilla, San Antonio, Michael P. Hodge, Asst. City Atty., Chief, Litigation Section, San Antonio, for appellees.

Sitting: TOM RICKHOFF, CATHERINE STONE and PAUL W. GREEN, Justices.

## OPINION

TOM RICKHOFF, Justice.

This suit arises from a 9–1–1 City of San Antonio EMS emergency medical response to appellants' residence. Appellants argue that the City of San Antonio and the responding EMS technicians were not entitled to summary judgment based on immunity from suit. Because appellants failed to allege facts placing them within the Texas Tort Claims Act's waiver of immunity, we affirm the orders of the trial court granting summary judgment.[2]

## Standard of Review

The City of San Antonio moved for summary judgment pursuant to Texas Rules of Civil Procedure, Rules 166a(a) and 166a(i). The City based its summary judgment on several affirmative defenses related to the City's claim of governmental immunity including sections 101.021, 101.055(2), 101.055(3), and 101.062 of the Texas Tort Claims Act. TEX.CIV.PRAC. & REM CODE ANN. §§ 101.001–101.109 (Vernon 1997).

Under a Rule 166 a(i) "no evidence" summary judgment a litigant is allowed to move for summary judgment as to all or part of a lawsuit on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. TEX.R.CIV.P. 166a(i); W. Wendell Hall, *Standards of Review in Texas,* 29 ST. MARY'S L.J. 351, 418 (1998). The moving party must state the element(s) as to which there is no evidence, but the Rule does not require the moving party to present summary judgment evidence. TEX.R.CIV.P. 166a(i). We review the evidence in the light most favorable to the respondent against whom the no-evidence summary judgment was rendered, disregarding all contrary evidence and inferences. *Merrell Dow Pharmaceuticals, Inc. v. Havner,* 953 S.W.2d 706, 711 (Tex.1997). A no-evidence summary judgment is improperly granted if the respondent brings forth more than a

---

**1.** The City's claim in Cause No. 91–CI–10414 was severed creating Cause No. 99–CI–00197. The trial court later set aside this severance and consolidated the two causes.

**2.** Judge Andy Mireles signed the City's order for summary judgment, while Judge Patrick J. Boone signed the order granting summary judgment on behalf of Anthony Carrola and Richard Gonzalez.

scintilla of probative evidence to raise a genuine issue of material fact. TEX. R.CIV.P. 166a(i); *see also Merrell Dow Pharmaceuticals, Inc.*, 953 S.W.2d at 711.

 A defendant may also show entitlement to summary judgment by conclusively proving all elements of an affirmative defense. *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex.1984). Once a movant establishes its right to summary judgment on the basis of an affirmative defense, the non-movant has the burden of responding with reasons for avoiding summary judgment. *Brooks v. Center for Healthcare Services*, 981 S.W.2d 279, 281 (Tex.App.—San Antonio 1998, no pet.). These reasons must be supported with proof sufficient to raise a fact issue precluding summary judgment. *Id.*

### Facts and Background

On September 18, 1990, in response to a 9–1–1 City of San Antonio emergency, San Antonio Fire Department paramedics Anthony Carrola and Richard Gonzalez were dispatched to Esperanza Guillen's residence where they found Mrs. Guillen in severe respiratory distress. The paramedics moved Mrs. Guillen to the ambulance where they contacted medical control, requested backup, administered medication, and intubated the patient to assist her breathing. Mrs. Guillen then suffered a heart attack, and Carrola and Gonzales began cardiopulmonary resuscitation. Not until a third technician arrived to assist this procedure did they leave for the hospital. Mrs. Guillen died shortly after arriving at the hospital.

Enrique L. Guillen, M.D. arrived at his residence shortly after the paramedics. Appellants claim that Dr. Guillen identified himself as a physician to all parties there and began directing the emergency care of his wife who suffered from asthma. The paramedics allegedly did not listen to Dr. Guillen and negligently tried to make their own diagnosis. Appellants argue that the time wasted by the paramedics in making their own diagnosis contrary to the San Antonio Fire Department EMS Standard Medical Operating Procedures (SAFD EMS SMOPS) caused a delay in treatment proximately causing the death of his wife. Specifically appellants allege that the paramedics (1) improperly used, misused, or did not use tangible property; (2) violated standard operating procedures regarding the treatment and transportation of patients; (3) failed to promptly transport Mrs. Guillen to a hospital; and (4) failed to surrender authority to an on-site physician. Appellants brought suit against the City of San Antonio and the individual paramedics claiming a waiver of the City's governmental immunity under the Texas Tort Claims Act.

In 1995, the individual paramedics filed a joint motion for summary judgment based on the affirmative defense of official immunity. The trial court denied the motion, and the denial was upheld by this court in *Carrola v. Guillen*, 935 S.W.2d 949 (Tex.App.—San Antonio 1996, no writ)(holding that the paramedics failed to establish their exercise of governmental discretion, precluding summary judgment on claim that they were entitled to official immunity). The case was remanded to the trial court.

In October 1998, both the City of San Antonio and the individual paramedics moved for summary judgment. The City urged judgment as a matter of law based on several affirmative defenses related to the City's claim of governmental immunity. The paramedics' motion was re-urged under their affirmative defense of official immunity. The trial court granted the City's motion and denied the paramedics' motion. On December 14, 1998, the individual paramedics filed a third motion for summary judgment urging dismissal of the claim against them pursuant to TEX.CIV.PRAC. & REM CODE ANN. § 101.106 (Vernon 1997). On December 15, 1998 the City's motion to sever its judgment from the rest of the lawsuit was granted resulting in Cause No. 99–CI–00917. On January 6, 1999, the trial court granted the paramedics' third

motion for summary judgment. On January 26, 1999, the trial court set the City's severance aside and consolidated the two judgments into a single cause.

Appellants now appeal the order granting summary judgment for the City on November 12, 1998, and the order granting summary judgment for the paramedics on January 6, 1999.

### Analysis

■ The City based its summary judgment on several affirmative defenses related to the City's claim of governmental immunity, including sections 101.021, 101.055(2), 101.055(3), and 101.062 of the Texas Tort Claims Act. "When, as here, a trial court's order granting summary judgment does not specify the ground or grounds relied on for the ruling, summary judgment will be affirmed on appeal if any of the theories advanced are meritorious." *Brooks*, 981 S.W.2d at 281.

■ Under the common-law doctrine of sovereign immunity, a municipality is immune from tort liability for its own acts or the acts of its agents unless the Texas Tort Claims Act waives immunity. *City of Amarillo v. Martin*, 971 S.W.2d 426 (Tex. 1998). In order to recover against a governmental entity, Plaintiff's claim must fall under a specific exception allowed by the Texas Tort Claims Act. *Shives v. State*, 743 S.W.2d 714, 715 (Tex.App.—El Paso 1987, writ denied).

■ It is undisputed that the City is a governmental entity to which the doctrine of sovereign immunity is applicable. "When an affirmative defense like sovereign immunity is established, the burden of raising a disputed fact issue shifts to the non-movant." *Medrano v. City of Pearsall*, 989 S.W.2d 141, 144 (Tex.App.—San Antonio 1999, no pet.). We therefore examine the summary judgment evidence to determine whether appellants raised a fact issue regarding the application of immunity. *Id.*

Appellants argue that section 101.021 applies in this case. It waives immunity for:

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

(A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor driven equipment; and

(B) the employee would be personally liable to the claimant according to Texas law; and

(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX.CIV.PRAC. & REM.CODE ANN. § 101.021 (Vernon 1997).

However, the Tort Claims Act includes several exceptions to this waiver. In claims that arise from an action of an employee of a municipality that involve responding to a 9–1–1 emergency call, immunity is waived only if the action *violates* a statute or ordinance applicable to the action. TEX.CIV.PRAC. & REM.CODE ANN. § 101.062 (Vernon 1997). Appellants do not dispute that the paramedics were responding to a 9–1–1 emergency call; thus, we find section 101.062 to be determinative.

■ Appellants contend that Gonzales and Carrola failed to yield to Dr. Guillen's authority as directed by the San Antonio Fire Department EMS Standard Medical Operating procedures (SAFD EMS SMOPS). Chapter 4 of the SMOPS, "Physicians on the Scene," dictates that when there is a physician on the scene, the emergency medical technicians (EMT) must submit to the authority of the doctor. Further, appellants contend that by varying from the SMOPS the appellee paramedics violated TEX.REV.CIV.STAT.ANN. art.

4495b (Vernon Supp.1999) of the Medical Practice Act. The Medical Practice Act serves to regulate the practice of physicians and surgeons and proscribes the unauthorized practice of medicine. However, it does not affirmatively impose a duty on paramedics to yield authority as alleged; and thus, it is inappropriately relied upon by appellants. *See City of Galveston v. Whitman,* 919 S.W.2d 929 (Tex.App.—Houston [14th Dist.] 1996, writ denied).

The SMOPS are designed as guidelines and protocols to EMT paramedics that are to be followed in the event that particular circumstances arise. Appellants rely on *City of San Antonio v. Higle,* 685 S.W.2d 682 (Tex.App.—San Antonio 1984, writ ref'd n.r.e.) for the proposition that prescribed departmental policies satisfy the "law" and "ordinance" exception. In *Higle,* a police officer claimed immunity under Tex.Civ.Stat.Ann. art. 6252–19 § 14(8) (Vernon 1970 and Vernon Supp.1982–1983),[3] which required him to demonstrate his action was in compliance with the laws and ordinances applicable to the emergency action. *Id.* at 687. The court held that the defendant police officer was not entitled to immunity because he did not show compliance with the laws or ordinances as required. *Id.* Instead, the evidence demonstrated that the officer acted in violation of prescribed departmental procedures. *Id.* In contrast, in our case the controlling section does not require the government to demonstrate compliance with laws and ordinances to prevent a waiver of immunity; it provides that immunity is waived only if there is a violation of a "statute" or "ordinance." *City of Galveston v. Whitman,* 919 S.W.2d at 931. *Higle* is ambiguous and unhelpful in determining whether departmental procedures qualify under section 101.062 as statutes and/or ordinances.

■ This court's determination is guided by the fact that the Texas Tort Claims Act is a limited waiver of absolute common law immunity for a municipality, which is considered to be in the public interest. *City of Arlington v. Whitaker,* 977 S.W.2d 742 (Tex.App.—Fort Worth 1998, pet. denied). It is construed strictly on the side of preserving immunity. *Id.* A statute is a "formal written enactment of a legislative body, whether federal, state, city or county," and an ordinance in its most common meaning, is used to designate the enactments of the legislative body of a municipal corporation. Black's Law Dictionary 757, 981 (6th ed.1991). Thus, we are unable to interpret "statute" or "ordinance" so broadly as to include the SMOPS, departmental guidelines not created by a legislative body.

■ Nor are we persuaded by appellants' argument raised for the first time on appeal that the appellee paramedics violated 22 Tex.Admin.Code §§ 197.1–197.5 (West 1999). We need not decide whether or not appellants waived this argument by failing to cite it in their live petition or in their response to the motion for summary judgment, because this statute was not made effective until January 2, 1991, after the complained of action on September 18, 1990. In addition, we interpret the Texas Administrative Code as neither "statutes" nor "ordinances" within the meaning of section 101.062.

It is the opinion of this court that appellants have failed to sufficiently allege facts that would place them within the waiver of immunity under the Texas Tort Claims Act. *See Fernandez v. City of El Paso,* 876 S.W.2d 370, 377 (Tex.App.—El Paso 1993, writ denied). Appellants have produced no evidence to the trial court that the appellee paramedics violated a statute or ordinance. The only statute or ordinance alleged violated in either the live petition or appellants' response to the motion for summary judgment is the Medical Practices Act. However, it does not pertain to the duty of the paramedics. *See Whitman,* 919 S.W.2d at 931 (Galveston City Ordinance which deals with the establish-

**3.** Now Tex.Civ.Prac & Rem.Code Ann. 101.055(2) (Vernon 1997)

ment of an ambulance service did not pertain to the dispatchers' duties).

Having failed to plead or produce any evidence that a statute or ordinance was violated by the appellee paramedics, appellants' claims are barred by section 101.062. *See Fernandez,* 876 S.W.2d at 376; *Whitman,* 919 S.W.2d at 931. Therefore, due to appellants' failure to present any evidence that their claim fell within a waiver of immunity, appellee City of San Antonio was entitled to summary judgment in accordance with Rule 166a(i).

By granting judgment in favor of the City of San Antonio, we also grant judgment in favor of the appellee paramedics. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 101.106 (Vernon 1997). Under section 101.106 a judgment in an action of a claim under the Texas Tort Claims Act bars any action involving the same subject matter by the claimant against the employee of the governmental unit whose acts or omissions gave rise to the claim. *Thomas v. Oldham,* 895 S.W.2d 352, 355 (Tex.1995); *Whitman,* 919 S.W.2d at 932.

We therefore affirm the orders granting summary judgment in favor of the appellees.