Court of Appeals
Fourth Court of Appeals District of Texas



# MEMORANDUM OPINION

No. 04-10-00649-CV

City of **SAN ANTONIO**,
Appellant

v.

Mario **GIRELA** and Alejandrina Garcia, Individually, as heirs at Law of Patricia Girela
Matthews, Deceased, and A/N/F of Christina Miracle Garcia, an Incapacitated Adult,
Appellees

From the 285th Judicial District Court, Bexar County, Texas
Trial Court No. 2009-CI-17744
Honorable Solomon Casseb, III, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:    Karen Angelini, Justice
            Sandee Bryan Marion, Justice
            Marialyn Barnard, Justice

Delivered and Filed:  March 2, 2011

REVERSED AND RENDERED

The City of San Antonio appeals an order denying its plea to the jurisdiction asserting governmental immunity in a suit arising from actions taken by city-employed paramedics responding to a 9-1-1 call. The suit was brought by Mario Girela and Alejandrina Garcia, individually, as heirs at law of Patricia Girela Matthews, deceased, and as next friend of Christina Miracle Garcia, (collectively, "Girela"). We reverse and render.

## BACKGROUND

According to the allegations in the underlying suit, on November 1, 2007, Girela called 9-1-1 and requested an ambulance for his daughter, Patricia Matthews, who was having trouble breathing. While waiting for the ambulance to arrive, Matthews, who had been diagnosed with chronic obstructive pulmonary disease, began using a portable oxygen unit. When the ambulance arrived, the paramedics removed the oxygen mask used by Matthews and failed to use a gurney to take Matthews from her apartment to the ambulance. After a thirty-minute delay, the paramedics transported Matthews to the hospital. Upon arriving at the hospital, Matthews was pronounced dead.

The City filed a plea to the jurisdiction, asserting it was immune from suit and asking the trial court to dismiss the suit for lack of subject-matter jurisdiction. Specifically, the City argued the suit failed to allege (1) the negligent use of tangible personal property as required by section 101.021(1) of the Texas Tort Claims Act ("TTCA"), and (2) the violation of a statute or ordinance applicable to the action as required by section 101.062 of the TTCA. The City attached two affidavits to its plea. The first affidavit was from one of the paramedics, who stated that all actions she took concerning Matthews were in response to a 9-1-1 emergency. The second affidavit was from Girela, who detailed the actions taken by the paramedics. No other evidence was submitted. The trial court denied the plea, and the City appealed.

## APPLICABLE LAW

Because immunity from suit defeats a trial court's subject-matter jurisdiction, it may be properly asserted in a jurisdictional plea. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225-26 (Tex. 2004). In a suit against a governmental unit, the plaintiff must affirmatively demonstrate the court's jurisdiction by alleging a valid waiver of immunity. *Dallas Area Rapid*

*Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003). To determine if the plaintiff has met this burden, courts consider the facts alleged by the plaintiff and, to the extent it is relevant to the jurisdictional issue, the evidence submitted by the parties. *Id.*

When considering a plea to the jurisdiction, courts must construe the pleadings in favor of the pleader and look to the pleader's intent. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). Whether the pleader has alleged facts that affirmatively demonstrate subject-matter jurisdiction is a legal question that courts review de novo. *Miranda*, 133 S.W.3d at 226.

Under the doctrine of governmental immunity, a municipality is immune from tort liability from its own acts or the acts of its agents, unless the TTCA clearly and unambiguously waives immunity. *City of Amarillo v. Martin*, 971 S.W.2d 426, 427 (Tex. 1998). The TTCA waives immunity for personal injury and death caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law; and for property damage, personal injury, and death caused by the wrongful act or omission or negligence of an employee operating or using a motor vehicle within the scope of his employment, if the employee would be personally liable to the claimant according to Texas law. TEX. CIV. PRAC. & REM. CODE ANN. § 101.021 (West 2005). Despite the waiver provisions in section 101.021, section 101.062(b) provides that the TTCA,

> applies to a claim against a public agency that arises from an action of an employee of a public agency . . . that involves providing 9-1-1 service or responding to a 9-1-1 emergency call *only if the action violates a statute or ordinance applicable to the action*.

*Id.* § 101.062(b) (emphasis added). Section 101.062(b) provides an additional protection for a governmental unit because it requires that the plaintiff allege and prove that the action forming the basis of the complaint violated a statute or ordinance. *City of El Paso v. Hernandez*, 16

S.W.3d 409, 415-16 (Tex. App.—El Paso 2000, pet. denied). Thus, in claims arising from the action of a city employee responding to a 9-1-1 emergency call, immunity is waived only if the action violates a statute or ordinance applicable to the action. *Guillen v. City of San Antonio*, 13 S.W.3d 428, 432 (Tex. App.—San Antonio 2000, pet. denied).

## DISCUSSION

In responding to the City's plea to the jurisdiction, Girela was required to demonstrate not only that the underlying claims arise from actions falling within one of section 101.021's limited waivers of immunity, but also that these actions violated a statute or an ordinance applicable to the actions. *See City of San Antonio v. Hartman*, 201 S.W.3d 667, 671-72 (Tex. 2006) (recognizing TTCA's statutory exceptions apply unless the plaintiff presents evidence to the contrary). In its first issue, the City argues Girela failed to demonstrate that the underlying claims arise from actions involving a violation of a statute or ordinance as required by section 101.062 of the TTCA. In response, Girela asserts he satisfied the requisites of section 101.062 because the underlying claims arise from actions of city employees who violated three statutes. Specifically, Girela asserts the responding paramedics in this case violated sections 773.050, 773.061, and 773.063 of the Texas Health and Safety Code.

A review of the pleadings and the evidence in the record reveals that the underlying suit does not allege the paramedics took actions in violation of the above-referenced statutes. Rather, the underlying suit alleges the paramedics who responded to the 9-1-1 call were negligent by removing Matthews's oxygen mask, by failing to use a gurney to take Matthews to the ambulance, and by delaying her transport to the hospital. None of the statutes cited by Girela governs these actions.

All three statutes are located in Chapter 773 of the Texas Health and Safety Code, otherwise known as the "Emergency Health Care Act." TEX. HEALTH & SAFETY CODE ANN. § 773.001 (West 2010). Among other things, Section 773.050, entitled "Minimum Standards," addresses staffing requirements for emergency medical services vehicles, and requires the executive commissioner of the Texas Health and Human Services Commission to set minimum standards for emergency medical services vehicles and emergency medical services personnel.[1] *Id*. § 773.050. Section 773.061, entitled "Disciplinary Actions," generally provides for the revocation, suspension, or non-renewal of licenses and certificates of emergency medical services personnel, and for the reprimand of such personnel by the Department of State Health Services. *Id*. § 773.061. Section 773.063, entitled "Civil Penalty," generally provides that the attorney general, district attorney, or county attorney may bring a civil action to compel compliance with chapter 773, and that a person who violates the chapter or a rule adopted under the chapter is liable for a civil penalty in addition to other remedies. *Id*. § 773.063.

Girela further asserts he satisfied the requisites of section 101.062(b) because the underlying claims arise from actions involving violations of Title 25, Chapter 157 of the Texas Administrative Code. However, as this court previously held in a similar case, the Texas Administrative Code is neither a "statute" nor an "ordinance" for purposes of section 101.062. *Guillen*, 13 S.W.3d at 433. We conclude Girela failed to demonstrate that the underlying claims arise from actions violating a "statute or ordinance applicable to the action."

---

[1] The version of section 773.050 in effect on November 1, 2007, called on the Texas Board of Health to set these minimum standards.

### CONCLUSION

Because Girela failed to plead or prove that a statute or ordinance was violated by the paramedics, the underlying claims are barred by section 101.062.[2] *See id.* at 434 (holding claims were barred by section 101.062 when the plaintiff failed to plead or produce evidence that a statute or ordinance was violated by paramedics). We reverse the trial court's order denying the plea to the jurisdiction, and render judgment that the case be dismissed for lack of subject-matter jurisdiction.

Karen Angelini, Justice

---

[2]In its second issue, the City argues its governmental immunity was not waived because Girela failed to demonstrate a negligent use of tangible personal property. We need not address the City's second issue because it is unnecessary to the disposition of this appeal. *See* TEX. R. APP. P. 47.1.