MEMORANDUM OPINION

 

No. 04-10-00649-CV

 

City of SAN
ANTONIO,

Appellant

 

v.

 

Mario GIRELA
and Alejandrina Garcia, Individually, as heirs at Law of Patricia Girela
Matthews, Deceased, and A/N/F of Christina Miracle Garcia, an Incapacitated
Adult,

Appellees

 

From the 285th
Judicial District Court, Bexar County, Texas

Trial Court No. 2009-CI-17744

Honorable Solomon
Casseb, III, Judge Presiding

 

Opinion by:   Karen Angelini, Justice

 

Sitting:                     Karen Angelini, Justice

                     Sandee
Bryan Marion, Justice

                     Marialyn
Barnard, Justice

 

Delivered and
Filed:  March 2, 2011

 

REVERSED AND
RENDERED 

 

           The City of San Antonio appeals an
order denying its plea to the jurisdiction asserting governmental immunity in a
suit arising from actions taken by city-employed paramedics responding to a
9-1-1 call. The suit was brought by Mario Girela and Alejandrina Garcia, individually,
as heirs at law of Patricia Girela Matthews, deceased, and as next friend of
Christina Miracle Garcia, (collectively, “Girela”). We reverse and render.

Background

           According to the allegations in the
underlying suit, on November 1, 2007, Girela called 9-1-1 and requested an
ambulance for his daughter, Patricia Matthews, who was having trouble
breathing. While waiting for the ambulance to arrive, Matthews, who had been
diagnosed with chronic obstructive pulmonary disease, began using a portable
oxygen unit. When the ambulance arrived, the paramedics removed the oxygen mask
used by Matthews and failed to use a gurney to take Matthews from her apartment
to the ambulance. After a thirty-minute delay, the paramedics transported
Matthews to the hospital. Upon arriving at the hospital, Matthews was
pronounced dead. 

           The City filed a plea to the
jurisdiction, asserting it was immune from suit and asking the trial court to
dismiss the suit for lack of subject-matter jurisdiction. Specifically, the
City argued the suit failed to allege (1) the negligent use of tangible
personal property as required by section 101.021(1) of the Texas Tort Claims
Act (“TTCA”), and (2) the violation of a statute or ordinance applicable to the
action as required by section 101.062 of the TTCA. The City attached two
affidavits to its plea. The first affidavit was from one of the paramedics, who
stated that all actions she took concerning Matthews were in response to a
9-1-1 emergency. The second affidavit was from Girela, who detailed the actions
taken by the paramedics. No other evidence was submitted. The trial court
denied the plea, and the City appealed. 

Applicable Law

Because immunity from
suit defeats a trial court’s subject-matter jurisdiction, it may be properly
asserted in a jurisdictional plea. Tex. Dep’t of Parks & Wildlife v.
Miranda, 133 S.W.3d 217, 225-26 (Tex. 2004). In a suit against a
governmental unit, the plaintiff must affirmatively demonstrate the court’s
jurisdiction by alleging a valid waiver of immunity. Dallas Area Rapid
Transit v. Whitley, 104 S.W.3d 540, 542 (Tex. 2003). To determine if the
plaintiff has met this burden, courts consider the facts alleged by the
plaintiff and, to the extent it is relevant to the jurisdictional issue, the
evidence submitted by the parties. Id. 

When considering a plea
to the jurisdiction, courts must construe the pleadings in favor of the pleader
and look to the pleader’s intent. Tex. Ass’n of Bus. v. Tex. Air Control Bd.,
852 S.W.2d 440, 446 (Tex. 1993). Whether the pleader has alleged facts that
affirmatively demonstrate subject-matter jurisdiction is a legal question that
courts review de novo. Miranda, 133 S.W.3d at 226. 

           Under
the doctrine of governmental immunity, a municipality is immune from tort
liability from its own acts or the acts of its agents, unless the TTCA clearly
and unambiguously waives immunity. City of Amarillo v. Martin, 971
S.W.2d 426, 427 (Tex. 1998). The TTCA waives immunity for personal injury and
death caused by a condition or use of tangible personal or real property if the
governmental unit would, were it a private person, be liable to the claimant
according to Texas law; and for property damage, personal injury, and death
caused by the wrongful act or omission or negligence of an employee operating
or using a motor vehicle within the scope of his employment, if the employee
would be personally liable to the claimant according to Texas law. Tex. Civ. Prac. & Rem. Code Ann. §
101.021 (West 2005). Despite the waiver provisions in section 101.021, section
101.062(b) provides that the TTCA,

applies to a claim
against a public agency that arises from an action of an employee of a public
agency . . . that involves providing 9-1-1 service or responding to a 9-1-1
emergency call only if the action violates a statute or ordinance
applicable to the action.

 

Id. § 101.062(b) (emphasis added). Section
101.062(b) provides an additional protection for a governmental unit because it
requires that the plaintiff allege and prove that the action forming the basis
of the complaint violated a statute or ordinance. City of El Paso v. Hernandez,
16 S.W.3d 409, 415-16 (Tex. App.—El Paso 2000, pet. denied). Thus, in claims
arising from the action of a city employee responding to a 9-1-1 emergency
call, immunity is waived only if the action violates a statute or ordinance
applicable to the action. Guillen v. City of San Antonio, 13 S.W.3d 428,
432 (Tex. App.—San Antonio 2000, pet. denied). 

Discussion

           In responding to the City’s plea to the
jurisdiction, Girela was required to demonstrate not only that the underlying
claims arise from actions falling within one of section 101.021’s limited
waivers of immunity, but also that these actions violated a statute or an
ordinance applicable to the actions. See City of San Antonio v.
Hartman, 201 S.W.3d 667, 671-72 (Tex. 2006) (recognizing TTCA’s statutory
exceptions apply unless the plaintiff presents evidence to the contrary). In
its first issue, the City argues Girela failed to demonstrate that the
underlying claims arise from actions involving a violation of a statute or
ordinance as required by section 101.062 of the TTCA. In response, Girela
asserts he satisfied the requisites of section 101.062 because the underlying
claims arise from actions of city employees who violated three statutes.
Specifically, Girela asserts the responding paramedics in this case violated
sections 773.050, 773.061, and 773.063 of the Texas Health and Safety Code. 

A review of the pleadings
and the evidence in the record reveals that the underlying suit does not allege
the paramedics took actions in violation of the above-referenced statutes. Rather,
the underlying suit alleges the paramedics who responded to the 9-1-1 call were
negligent by removing Matthews’s oxygen mask, by failing to use a gurney to
take Matthews to the ambulance, and by delaying her transport to the hospital.
None of the statutes cited by Girela governs these actions. 

All three statutes are
located in Chapter 773 of the Texas Health and Safety Code, otherwise known as
the “Emergency Health Care Act.” Tex.
Health & Safety Code Ann. 
§ 773.001 (West 2010). Among other things, Section 773.050, entitled “Minimum
Standards,” addresses staffing requirements for emergency medical services
vehicles, and requires the executive commissioner of the Texas Health and Human
Services Commission to set minimum standards for emergency medical services vehicles
and emergency medical services personnel.[1]
Id. § 773.050. Section 773.061, entitled “Disciplinary Actions,” generally
provides for the revocation, suspension, or non-renewal of licenses and certificates
of emergency medical services personnel, and for the reprimand of such
personnel by the Department of State Health Services. Id. § 773.061. Section
773.063, entitled “Civil Penalty,” generally provides that the attorney
general, district attorney, or county attorney may bring a civil action to
compel compliance with chapter 773, and that a person who violates the chapter
or a rule adopted under the chapter is liable for a civil penalty in addition
to other remedies. Id. § 773.063.

Girela further asserts he
satisfied the requisites of section 101.062(b) because the underlying claims
arise from actions involving violations of Title 25, Chapter 157 of the Texas
Administrative Code. However, as this court previously held in a similar case, the
Texas Administrative Code is neither a “statute” nor an “ordinance” for
purposes of section 101.062. Guillen, 13 S.W.3d at 433. We conclude
Girela failed to demonstrate that the underlying claims arise from actions
violating a “statute or ordinance applicable to the action.” 

Conclusion

Because Girela failed to
plead or prove that a statute or ordinance was violated by the paramedics, the
underlying claims are barred by section 101.062.[2] See id. at 434 (holding claims
were barred by section 101.062 when the plaintiff failed to plead or produce
evidence that a statute or ordinance was violated by paramedics). We reverse
the trial court’s order denying the plea to the jurisdiction, and render
judgment that the case be dismissed for lack of subject-matter jurisdiction.

Karen
Angelini, Justice

 








 

 









[1]The
version of section 773.050 in effect on November 1, 2007, called on the Texas Board
of Health to set these minimum standards.

 





[2]In
its second issue, the City argues its governmental immunity was not waived
because Girela failed to demonstrate a negligent use of tangible personal
property. We need not address the City’s second issue because it is unnecessary
to the disposition of this appeal. See Tex.
R. App. P. 47.1.