# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-17-00727-CV

**Jason Roche, Appellant**

**v.**

**The City of Austin, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT
### NO. D-1-GN-16-003916, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is an appeal from a summary judgment rendered by the district court of Travis County dismissing a Texas Tort Claims Act suit for want of jurisdiction. Jason Roche is appellant and the City of Austin (the City) is appellee. We will affirm the summary judgment.

This appeal involves an after-dark automobile collision at the intersection of Brodie Lane and William Cannon Drive in south Austin between an Austin police car driven by Police Officer Michael Nguyen (the Officer) and a pickup operated by Roche. Before the collision, the Officer was on duty along MoPac near Davis Lane. While there, he received a "Disturbance Hot Shot" call based upon a 911 message that a man brandishing a knife was threatening people in the Dollar General Store parking lot on Stassney Lane. Responding to the call, the Officer drove east on William Cannon with emergency lights and siren on. As he approached the intersection of Brodie and William Cannon, the traffic light was red and traffic was stopped in all lanes in his

direction. To proceed, the Officer elected to drive over the median dividing the eastbound and westbound lanes on William Cannon and to enter the westbound lane of William Cannon. When he was almost through the intersection, Roche's truck collided with the passenger side of the police car. Roche had entered the intersection on a yellow light. Although Roche heard the emergency siren before he proceeded into the intersection, he did not see the police car until it was too late.

Roche sued the City, casting his case as one coming within the terms of the Texas Tort Claims Act, which waives governmental and official immunity for claims involving personal injury and property damage proximately caused by the negligent operation of a motor-driven vehicle. *See* Tex. Civ. Prac. & Rem. Code § 101.021(1). Roche pleaded that the Officer was negligent in several respects and claimed property and personal-injury damages.

The City answered asserting, among other things, that at the time of the collision, the Officer was responding to an emergency call in accordance with Texas Civil Practice and Remedies Code section 101.055(2) and, accordingly, the City's immunity was not waived, and that it was entitled to derivative official immunity. After discovery, the City filed a traditional motion for summary judgment challenging the district court's subject-matter jurisdiction, asserting governmental and official immunity as a bar to Roche's claims.[1]

The City claimed, among other things, that the Emergency exception was applicable to the Officer's conduct and that it barred Roche's suit. The Emergency exception applies to retain immunity for the governmental unit if: (1) the employee was responding to an emergency; and

---

[1] *See Thomas v. Long*, 207 S.W.3d 334, 339 (Tex. 2006) (trial court's subject-matter jurisdiction challenged by motion for summary judgment).

(2) the employee was acting in compliance with applicable laws and ordinances governing the employee's response; or (3) in the absence of such a law or ordinance, the employee did not act with conscious indifference or reckless disregard to the public's safety. Tex. Civ. Prac. & Rem. Code § 101.055(2); *see City of San Antonio v. Hartman*, 201 S.W.3d 667, 672 (Tex. 2006).

The Emergency exception is designed to balance the public's safety with the need for prompt response from public-safety personnel. Imposing liability for a simple failure in judgment could deter emergency personnel from acting decisively and from taking calculated risks. The Emergency exception is intended to prevent judicial second-guessing of split-second and time-pressured decisions emergency personnel are forced to make. *City of San Angelo Fire Dep't v. Hudson*, 179 S.W.3d 695, 699 (Tex. App.—Austin 2005, no pet.).

The summary-judgment evidence conclusively establishes that the Officer was responding to an emergency situation at the time of the collision.

We now examine the "laws" and "ordinances" governing the Officer's response. Texas Transportation Code section 546.001 allows, among other acts, the operator of an emergency vehicle to "proceed past a red or stop signal or stop sign, after slowing as necessary for safe operations," Tex. Transp. Code § 546.001(2), and to "disregard a regulation governing the direction of movement or turning in specific directions," *id.* § 546.001(4).

Texas Transportation Code section 546.005, on the other hand, provides that the operator of the emergency vehicle has the duty to operate his vehicle "with appropriate regard for the safety of all persons" and does not relieve him of "the consequences of reckless disregard for the safety of others." *Id.* § 546.005. The Supreme Court has held that section 546.005 imposes liability

3

for reckless operation of an emergency vehicle in an emergency situation. *See City of Amarillo v. Martin*, 971 S.W.2d 426, 439 (Tex. 1998). "To recover damages resulting from the emergency operation of an emergency vehicle, a plaintiff must show that the operator has committed an act that the operator knew or should have known posed a high degree of risk of serious injury." *Id.* at 430.

Roche's primary claim for reversal is that (1) Police Commander Jesse Brown concluded that the Officer failed to follow the policies and procedures of the Austin Police Department for which he received a reprimand and was required to attend driving classes and (2) Roche's interpretation of what the dash-camera video showed. Roche maintains that such evidence "conclusively" presented a fact issue as to whether the Officer violated state law by failing to slow down as necessary for safe operation.

We do not agree. A police department's internal policy or procedure is not a "law" or "ordinance" for purposes of waiver of immunity pursuant to Texas Civil Practices and Remedies Code section 101.055(2). "A statute is a formal written enactment of a legislative body, whether federal, state, city or county and an ordinance in its most common meaning is used to designate the enactments of the legislative body of a municipal corporation." *Guillen v. City of San Antonio*, 13 S.W.3d 428, 433 (Tex. App.—San Antonio 2000, pet. denied) (citing *Black's Law Dictionary* 757 [1097], 981 [1410] (6th ed. 1991 [1990]) and refusing to interpret "statute" or "ordinance" to include fire-department guidelines).

This Court has viewed the dash-camera video and did not find it inconsistent with the deposition testimony of the Officer and witness Amaronte Lucero.

The summary-judgment record establishes, as a matter of law, that the Officer complied with the laws applicable to the emergency situation. In his deposition, the Officer detailed his actions

4

and thought processes as he came upon the intersection. His vehicle's emergency lights and siren were activated. The traffic light governing eastbound traffic was red, and cars were stopped in all eastbound lanes. To continue eastbound, the Officer decided to cross over the median and enter the westbound lane of William Cannon. He took his foot off the accelerator before entering the intersection and then proceeded forward. After entering the intersection, he replaced his foot on the gas and accelerated.

Witness Lucero testified on deposition that there were no other vehicles in the intersection when the Officer entered it. Lucero confirmed that the Officer was driving "relatively slowly" and that the Officer slowed down before he entered the intersection. According to Lucero, Roche did not slow down or stop when he entered the intersection but, instead, came in "relatively fast," without hesitation.

This Court has concluded that the Officer lawfully disregarded a regulation governing the direction of movement of traffic and proceeded past a red light after slowing down as necessary for safe operation of his emergency vehicle, as permitted by Texas Transportation Code section 546.001(4) and (2), and that he did not proceed into the intersection in a reckless or indifferent manner. *See* Tex. Transp. Code § 546.005; *City of Amarillo*, 971 S.W.2d at 430.

By granting the City's motion for summary judgment, the district court necessarily concluded that the Officer was entitled to official immunity. Government employees are entitled to official immunity from suit arising from the performance of their (1) discretionary duties (2) in good faith so long as they are (3) acting within the scope of their authority. *City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex 1994).

5

On appeal, Roche only challenges the district court's implied finding that the Officer was acting in "good faith" in the operation of his vehicle immediately before the collision. An officer acts in good faith if a reasonably prudent officer, under the same or similar circumstances, could have believed that the need to take action outweighed a clear risk of harm to the public by taking the action. *See Wadewitz v. Montgomery*, 951 S.W.2d 464, 466–67 (Tex. 1997); *City of Lancaster*, 883 SW.2d at 656–57; *City of San Angelo Fire Dep't*, 179 S.W.3d at 704–05.

The Officer received the "Disturbance Hot Shot" call that a man wielding a knife was threatening customers at the Dollar General Store. The Officer's timely presence at the store was crucial to protect the safety, and perhaps lives, of these people. The need to reach the Dollar General premises as quickly as possible was manifest.

The Officer's belief in the need to protect the lives and safety of the public at the parking lot outweighed the risk of harm in crossing the median and entering the intersection against a red light. As the Officer neared the intersection, his vehicle's emergency lights were flashing and the siren was operating. His progress eastward on William Cannon was blocked by stopped traffic in all lanes waiting for the light to change. The Officer scanned the intersection and noted that it was clear of traffic. An eyewitness confirmed that there were no cars in the intersection when the Officer crossed over the median onto the westbound lane of William Cannon. He slowed down before he entered the intersection. The Officer's vehicle was almost through the intersection when the collision occurred. According to the eyewitness, Roche neither stopped nor slowed down before he entered the intersection. Instead, he went into the intersection "relatively fast" and without hesitation. We conclude that the Officer's actions were reasonable under the circumstances and that he weighed

6

his alternatives and balanced the needs and risks involved before crossing the median and entering the intersection. *See City of Lancaster*, 883 SW.2d at 656–57.

The summary judgment is affirmed.

                                         _____

                                         Bob E. Shannon, Justice

Before Justices Puryear, Pemberton and Shannon*

Affirmed

Filed:   August 21, 2018

*  Before Bob E. Shannon, Chief Justice (retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code § 74.003(b).