

## COURT OF APPEALS
## EIGHTH DISTRICT OF TEXAS
## EL PASO, TEXAS

| | | |
|---|---|---|
| CITY OF SAN ANTONIO, | § | No. 08-23-00329-CV |
| Appellant, | § | Appeal from the |
| v. | § | 166th Judicial District Court |
| JOEL GARCIA, Individually and as Next Friend of J.G. | § | of Bexar County, Texas |
| Appellee. | § | (TC# 2022CI20560) |

## <u>MEMORANDUM OPINION</u>

Joel Garcia and his minor son sued the City of San Antonio alleging one of its police officers negligently caused a vehicular collision. The City moved for summary judgment in a hybrid motion that asserted multiple grounds for governmental immunity. The trial court denied the motion and this interlocutory appeal followed.[1] The parties devote much of their briefing to whether the City proved through its traditional motion for summary judgment that the police officer enjoyed "official immunity" which in turn would protect the City. A recent case from the Texas Supreme Court clarifies the standard governing that question.[2] But we resolve this appeal on a narrower ground: the Garcias failed to respond to the no-evidence portion of City's motion

---

[1] This case was transferred pursuant to the Texas Supreme Court's docket equalization efforts. Tex. Gov't Code Ann. § 73.001. We follow the precedent of the Fourth Court of Appeals to the extent it might conflict with our own. *See* Tex. R. App. P. 41.3

[2] *City of Houston v. Sauls*, No. 22-1074, 2024 WL 2096554, at *3 (Tex. May 10, 2024).

for summary judgment on two other exceptions to the waiver of immunity under the Texas Tort Claims Act. Their arguments on appeal do not plug that hole. For that reason, we reverse and render judgment for the City.

## FACTUAL AND PROCEDURAL BACKGROUND

The basic facts here are undisputed. On March 12, 2022 at 4:20 p.m. City of San Antonio Police Officer Kevin Wilkinson was assigned to respond to a 9-1-1 call for a burglary in progress. As Wilkinson travelled to the scene with his lights and siren activated, he went against a red light at an intersection, and struck Garcia's vehicle. Garcia, individually and on behalf of his minor son, filed suit alleging that Officer Wilkinson was negligent and that the City liable for his negligence. Garcia pled that the City's immunity was waived under the Texas Tort Claims Act and the trial court had jurisdiction because the claim arises from the use of a motor vehicle and because Wilkinson acted with "conscious indifference and reckless disregard for the safety of others." Tex. Civ. Prac. & Rem. Code Ann. § 101.021, 101.055(2).

The City answered and affirmatively raised governmental immunity, including that afforded to it under § 101.062 (the 9-1-1 exception) and § 101.055 (the emergency response exception) of the Texas Tort Claims Act. Almost a year after the suit was filed, the City filed a no-evidence and a traditional motion for summary judgment asserting governmental immunity. In support, it attached an affidavit by Officer Wilkinson in which he states that after receiving the dispatch, he activated his lights and sirens. He states that the weather was clear and dry and he "perceived no risk and certainly no extreme risk of proceeding through the intersection of Callaghan Road and Commerce Street." As he approached the intersection going southbound, he "slowed [his] speed significantly, changed the tones of [his] sirens, and began blowing [his] police vehicle's airhorn . . . ." Vehicles stopped and moved aside for him, and he came to a rolling stop

2

as he went through the intersection. When he was nearly through the intersection, Garcia, traveling eastbound, drove through the intersection. Officer Wilkinson was unable to stop his vehicle in time. A video from the dash camera, also submitted as summary judgment evidence, corroborates Officer Wilkinson's affidavit.

The court denied summary judgment and the City filed this interlocutory appeal. Tex. Civ. Prac. And Rem. Code § 51.014(a)(8); *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004) ("If the trial court denies the governmental entity's claim of no jurisdiction, whether it has been asserted by a plea to the jurisdiction, a motion for summary judgment, or otherwise, the Legislature has provided that an interlocutory appeal may be brought.").

## ANALYSIS

### A. Immunity

"A city performing governmental functions may not be sued for its employees' conduct unless a plaintiff demonstrates the Legislature waived the city's governmental immunity." *City of Houston v. Sauls*, No. 22-1074, 2024 WL 2096554, at *3 (Tex. May 10, 2024); *City of El Paso v. Heinrich*, 284 S.W.3d 366, 370 (Tex. 2009). Governmental functions include the activities of police. Tex. Civ. Prac. & Rem. Code Ann. § 101.0215(a)(1). The City is therefore immune from this suit unless the Legislature has clearly and unambiguously waived that immunity. *DeWitt v. Harris Cnty.*, 904 S.W.2d 650, 652 (Tex. 1995).

The Texas Tort Claims Act (TTCA) waives immunity "in specific, narrow circumstances." *City of San Antonio v. Maspero*, 640 S.W.3d 523, 528 (Tex. 2022). Relevant to this case, a governmental agency's immunity is waived for claims involving "property damage, personal injury, or death [which] arise[] from the operation or use of a motor-driven vehicle" when "the employee would be personally liable to the claimant according to Texas law." Tex. Civ. Prac. & Rem. Code Ann. § 101.021(1).

The City argues it retains immunity for three reasons: official immunity of the officer; the emergency exception, and the 9-1-1 exception. Before discussing the facts here, we outline the immunity concepts at play.

### (1) Official immunity

A City's immunity is waived only if the governmental employee "would be personally liable." Tex. Civ. Prac. & Rem. Code Ann. § 101.021(1)(B). Whether an employee can be held liable turns on a different kind of immunity, official immunity. "If the employee is protected from liability by official immunity, the employee is not personally liable to the claimant and the government retains its sovereign immunity." *DeWitt*, 904 S.W.2d at 653; *see also K.D.F. v. Rex*, 878 S.W.2d 589, 597 (Tex. 1994) ("Thus, Texas is vicariously liable for the acts of its employees only to the extent its employees are not entitled to official immunity.").

Police officers have official immunity when they "perform discretionary duties in good faith while acting within the scope of their authority." *Sauls*, 2024 WL 2096554, at *1. An officer acts in good faith if "a reasonably prudent officer, under the same or similar circumstances, could have believed that the need to immediately apprehend the suspect outweighed a clear risk of harm to the public in continuing the pursuit." *City of Lancaster v. Chambers*, 883 S.W.2d 650, 656 (Tex. 1994); *Sauls*, 2024 WL 2096554, at *6.

### (2) Emergency exception

Even in circumstances where the governmental employee does not have official immunity, the Legislature recognized that the importance of immunity when a government employee responds to an emergency. "Imposing liability for a mere failure in judgment could deter emergency-assistance personnel from acting decisively and taking calculated risks in order to save life or property." *City of Houston v. Frazier*, No. 01-21-00318-CV, 2022 WL 1216181, at *8 (Tex. App.—Houston [1st Dist.] Apr. 26, 2022, no pet.) (mem. op.) (citing *City of Amarillo*

4

*v. Martin*, 971 S.W.2d 426, 429 (Tex. 1998). The TTCA therefore excepts from the general waiver of immunity claims related to "the action of an employee while responding to an emergency call or reacting to an emergency situation if the action is in compliance with the laws and ordinances applicable to emergency action, or in the absence of such a law or ordinance, if the action is not taken with conscious indifference or reckless disregard for the safety of others." Tex. Civ. Prac. & Rem. Code Ann. § 101.055(2). The underlying policy of the emergency exception is "'to balance the safety of the public with the need for prompt response' from emergency-assistance personnel." *City of San Antonio v. Trevino*, No. 04-22-00224-CV, 2022 WL 17480550, at *3 (Tex. App.—San Antonio Dec. 7, 2022, no pet.) (mem.op.) (quoting *Martin*, 971 S.W.2d at 429). Without immunity, lawsuits would "'allow for judicial second guessing of the split-second and time-pressured decisions' emergency-assistance personnel are forced to make." *Trevino*, 2022 WL 17480550, at *3 (citing *City of San Angelo Fire Dep't v. Hudson*, 179 S.W.3d 695, 699 (Tex. App.—Austin 2005, no pet.)).

Significant to this appeal, "[t]he plaintiff bears the burden of negating Section 101.055's applicability." *Maspero*, 640 S.W.3d at 529, (citing *City of San Antonio v. Hartman*, 201 S.W.3d 667, 672 (Tex. 2006)); *City of San Antonio v. Rosenbaum*, No. 04-11-00498-CV, 2011 WL 6739583, at *2 (Tex. App.—San Antonio Dec. 21, 2011, no pet.) (mem. op.) (stating that once the City raised the issue, the plaintiffs "would be required to present some evidence showing that [the city actor] was not reacting to an emergency situation or responding to a 9–1–1 emergency call.").

### (3) 9-1-1 exception

Similar to the emergency exception, the TTCA excepts from its waiver of immunity "an action of an employee of [a] public agency . . . that involves providing 9-1-1 service or responding to a 9-1-1 emergency call only if the action violates a statute or ordinance applicable to the

5

action." Tex. Civ. Prac. & Rem. Code. Ann. § 101.062(b); *Guillen v. City of San Antonio*, 13 S.W.3d 428, 432 (Tex. App.—San Antonio 2000, pet. denied).

## B. Summary judgment

### (1) Burden of proof and standard of review

Both a traditional and a no-evidence motion for summary judgment can challenge jurisdiction based on immunity. *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 550 (Tex. 2019). With a traditional motion for summary judgment, the movant has the burden to show that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). With a no-evidence motion for summary judgment, on the other hand, the burden is on the nonmovant to produce summary judgment evidence that raises a genuine issue of material fact. Tex. R. Civ. P. 166a(i).The City filed a hybrid motion for summary judgment. It sought a traditional summary judgment on all three grounds for immunity and a no-evidence summary judgment on the emergency and 9-1-1 exceptions from the waiver of immunity. "If a party moves for summary judgment on both traditional and no-evidence grounds, . . . we first consider the no-evidence motion." *Lightning Oil Co. v. Anadarko E&P Onshore, LLC*, 520 S.W.3d 39, 45 (Tex. 2017).

We review a no-evidence summary judgment for evidence that would enable reasonable and fair-minded jurors to differ in their conclusions. *See City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). "A no-evidence challenge will be sustained when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact." *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). A fact issue exists if there is more than a scintilla of probative evidence. *Buck v. Palmer*, 381 S.W.3d 525, 527 (Tex. 2012).

6

### (2) No-evidence motion

The City's no evidence motion for summary judgment challenged the absence of evidence for each aspect of the emergency and 9-1-1 exceptions under the TTCA.[3] To avoid a no-evidence summary judgment on the emergency exception, the Garcias had to show that a genuine issue of material fact existed by presenting evidence of one of the following: "(1) [Wilkinson] was not responding to an emergency call or reacting to an emergency situation, (2) [Wilkinson]'s actions were not in compliance with the laws and ordinances applicable to emergency action, or (3) [Wilkinson]'s actions show that he acted with conscious indifference or reckless disregard for the safety of others." *Trevino*, 2022 WL 17480550, at *3; Tex. Civ. Prac. & Rem. Code § 101.055(2).

The Garcias response to the City's motion argued only that "a fact question exists in determining whether Officer Wilkinson acted in good faith in undertaking his discretionary duties." Good faith is a factor in the official immunity analysis which was not at issue in the no-evidence motion for summary judgment. The Garcias did not discuss the emergency or 9-1-1 exceptions, did not argue that they did not apply, and did not present evidence about the elements of those exceptions. And although they attached the Texas Peace Officer's Crash report, they did not reference it as evidence for either immunity waiver exception. "When a summary judgment respondent fails to direct the [ ] court to specific summary judgment evidence, a fact issue cannot

---

[3] For the 9-1-1 exception under § 101.062, the City's motion raised these challenges:

> As a result, the City asserts that Plaintiff has no evidence that the exception of section 101.062 does not apply because Plaintiff has no evidence that: (1) Officer Wilkinson was not providing 9-1-1 service or responding to a 9-1-1 emergency call at the time of the incident made the basis of this suit; (2) Officer Wilkinson violated a statute or ordinance applicable to an emergency vehicle providing 9-1-1 service or responding to a 9-1-1 emergency call; (3) Officer Wilkinson acted with conscious indifference or reckless disregard for the safety of others; (4) Officer Wilkinson committed an act he knew or should have known posed an extreme degree of risk of serious injury; and (5) Officer Wilkinson did not care about the consequences of his actions.

The City challenged the same elements for the § 101.055(2) emergency response exception.

be raised sufficient to defeat summary judgment." *Leija v. Laredo Cmty. Coll.*, No 04-10-00140-CV, 2011 WL 1499440, at \*5 (Tex. App.—San Antonio Apr. 20, 2011, no pet.) (mem. op.).

When the movant in a no evidence motion for summary judgment properly challenges an element of the nonmovants claim, the burden shifts to the nonmovant to present more than scintilla of competent evidence raising an issue of material fact as to the elements of its cause of action. *See Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). When the nonmovant fails that task, "[t]he court *must* grant the motion." Tex. R. Civ. P. 166a(i) *Helena Chem. Co. v. Cox*, 664 S.W.3d 66, 72–73 (Tex. 2023), reh'g denied (May 5, 2023), cert. denied, 144 S. Ct. 199, 217 L. Ed. 2d 81 (2023); *Bock v. State Farm Cnty. Mut. Ins. Co. of Tex.*, 675 S.W.3d 36, 41 (Tex. App.—San Antonio 2023, no pet.). Because the Garcias did not respond to the no-evidence motion, the City was entitled to summary judgment.

Even on appeal, the Garcias' brief on the merits only acknowledges that the City filed a *traditional* motion for summary judgment and argues that the trial court properly denied the Garcias' *traditional* motion for summary judgment. Under that argument, they claim that the City failed to meet its burden to prove the emergency exception. They make no specific argument that the no-evidence motion was properly denied based on the Garcias presenting evidence to defeat the exception.

We acknowledge, however, that the Garcias make an alternative argument in their brief that even if the City met its initial burden to prove the emergency exception under the City's affirmative motion, the record contains proof of a genuine issue of material fact for whether Officer Wilkinson acted recklessly. The evidence that they rely on for that argument could apply with equal force to the no evidence part of the hybrid motion. Given our preference for resolving disputes on the merits, rather than briefing waiver, we address the arguments the Garcias raise in

8

response to the affirmative motion on the emergency and 9-1-1 exceptions that would equally apply to the no-evidence motion on those same exceptions.

The Garcias' response attached as summary evidence the Texas Peace Officer's Crash Report for this accident.[4] That report does not contradict the assertion that Officer Wilkinson was responding to a 9-1-1 emergency call about the burglary of a vehicle and the Garcias admitted that fact in their summary judgment response. *See Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 568 (Tex. 2001) (finding that statements in non-movant's summary judgment response were judicial admissions supporting summary judgment). Nor does the report provide evidence that Officer Wilkinson violated a law or ordinance. The only violation apparent from the summary judgment evidence is driving through a red light, but "Chapter 546 [of the Transportation Code] generally authorizes operators of emergency vehicles to disregard traffic laws, including traffic lights and speed limits, when responding to an emergency call." *City of Houston v. Green*, 672 S.W.3d 27, 30 n.3(Tex. 2023); Tex. Transp. Code §§ 546.001, .002.[5]

The Garcias also needed to raise a genuine issue of material fact for reckless. The Texas Supreme Court has recognized that the reckless standard in this context means more than just engaging in risky behavior. Disregarding traffic laws while responding to an emergency "involve[s] obvious risk of serious injury to bystanders" but so does allowing a suspect to escape or a crime to occur because of a slow response. *Maspero*, 640 S.W.3d at 531–32. Thus, showing

---

[4] The Garcias also attached their discovery disclosures. But a party cannot rely on his own discovery responses as summary judgment evidence. *Edifika Investments, LLC v. Chain & Chain Constr., LLC*, No. 04-21-00568-CV, 2023 WL 3487027, at *5 (Tex. App.—San Antonio May 17, 2023, no pet.) (mem. op.). The trial court properly sustained the City's objection to this evidence.

[5] On appeal, the Garcias argue for the first time that the 9-1-1 call was downgraded from a Code 3 to Code 2 call after Office Wilkinson first responded to the call, but before the accident. Citing to a website that purports to have City of San Antonio standards for how to respond to Class 2 calls, the Garcias claim Officer Wilkinson should have come to a complete stop at the intersection. The standard that the Garcias point to was not presented below, and they offer no basis for this Court to consider it for the first time on appeal.

recklessness then means more than the fact that the officer engaged in risky behavior. A driver is reckless only if he has a "willful or wanton disregard for the safety of persons or property." Tex. Transp. Code § 545.401(a); *Maspero*, 640 S.W.3d at 531. The evidence must show that the officer knew all the facts and that there was a high risk to other drivers, but that he did not care. *Green*, 672 S.W.3d at 30 (Tex. 2023); *Hartman*, 201 S.W.3d at 672 & n.19.

For recklessness, the Garcias point to the crash report. It states that because of stopped vehicles, Officer Wilkinson and Garcias could not see each other.[6] That Wilkinson continued through the intersection anyway, the Garcias contend, is some evidence that he was reckless. But lack of visibility alone is not evidence of recklessness. As explained by the Houston, First District Court of Appeals:

> Whether the intersection is blind does not create a material fact issue here in light of the undisputed testimony that Officer Matela had on his emergency lights and siren and that he slowed before entering the intersection. Any intersection that an officer attempts to traverse when responding to an emergency is potentially a "blind intersection." That is why the statute provides that an emergency vehicle may proceed through a stop light after "slowing as necessary." *See* Tex. Transp. Code Ann. § 546.001(2).

*City of Pasadena v. Kuhn*, 260 S.W.3d 93, 100 (Tex. App.—Houston [1st Dist.] 2008, no pet.). Courts have found that obstructed visibility is evidence of recklessness only when it is combined with a failure of the officer to take other precautions. *Compare Green*, 672 S.W.3d 27 at 31 (holding that the City was entitled to summary judgment because, even though the officer had an obstructed view, there was no evidence to contradict that he slowed down before the intersection and intermittently activated his sirens), *and Tex. Dep't of Pub. Safety v. Escobar*, No. 13-20-00267-CV, 2021 WL 6129135, at *5 (Tex. App.—Corpus Christi–Edinburg Dec. 29, 2021, pet.

---

[6] This is not in dispute. Officer Wilkinson's affidavit states, "I did not see the vehicle driven by Joel Garcia until I was one lane away from being through the intersection."

denied) (mem. op.) ("Appellees cite no authority, and we find none, supporting the conclusion that an emergency vehicle operator acts recklessly solely because his vision is obstructed, or he fails to continuously operate his siren."), *and Harris Cnty. v. Spears*, No. 14-17-00662-CV, 2018 WL 4571841, at *6 (Tex. App.—Houston [14th Dist.] Sept. 25, 2018, no pet.) (mem. op.) ("But this evidence [of obscured visibility], when combined with the other evidence showing the precautions Deputy Baskins took before entering the intersection, does not create an issue of fact with respect to recklessness."), *with Tex. Dep't of Pub. Safety v. Zakir*, 665 S.W.3d 884, 893–94 (Tex. App.—Houston [14th Dist.] 2023, no pet.) (holding that there was evidence of recklessness when the officer accelerated into an intersection with limited visibility before traffic had stopped and after sounding the airhorn for only "a couple of blips"), *and City of Killeen-Killeen Police Dep't v. Terry*, No. 03-20-00071-CV, 2022 WL 221240, at *4 (Tex. App.—Austin Jan. 26, 2022, pet. filed) (mem. op.) (holding that a fact issue existed because of the officer's rate of speed "coupled with" his obscured view and the fact that vehicles were continuing through the light), *and Perez v. Webb Cnty.*, 511 S.W.3d 233, 238 (Tex. App.—San Antonio 2015, pet. denied) (holding evidence raised a fact issue when the officer accelerated through the intersection despite having a blind spot).[7] The Garcias did not produce any evidence, as was their burden, that Officer Wilkinson failed to take precautions due to his obstructed view. Because the Garcias did not raise a genuine issue of material fact even considering the evidence attached to their response, the trial court erred by denying summary judgment.

---

[7] The Garcias cite to *Rivera v. City of Houston* for the proposition that "merely slowing down before entering an intersection is not enough." *Rivera v. City of Houston*, No. 01-19-00629-CV, 2022 WL 2163025 (Tex. App.—Houston [1st Dist.] June 16, 2022, no pet.) (mem. op.). This is an oversimplification of *Rivera.* There, the court held that even though the officer slowed down before entering the intersection, a fact issue about recklessness was raised because of evidence that the officer did not know if she had a red light and was looking at her mobile data terminal raised a fact issue about recklessness. *Id.* at *7. There was no such evidence in this case.

Given our conclusion that the City was entitled to summary judgment based on its no-evidence motion, we need not reach the issue of official immunity or whether the City met its burden for traditional summary judgment. *Green*, 672 S.W.3d 27 at 30 n.2 ("Because we conclude the emergency exception applies and prevents the waiver, we need not address the official-immunity issue."); *Trevino*, 2022 WL 17480550, at *11 n.1 ("Because Trevino did not negate one of the three independent grounds on which the City moved for summary judgment (the emergency exception), we need not address whether he negated the other two grounds (the 9-1-1 exception and official immunity").

## CONCLUSION

Because the Garcias did not respond to the City's motion for summary judgment with evidence raising a genuine issue of material fact, we reverse the trial court's denial of the City's motion for summary judgment and render judgment for the City.

JEFF ALLEY, Chief Justice

June 20, 2024

Before Alley, C.J., Palafox, and Soto, JJ.